**In the Matter of the EXPUNCTION OF Robert Craig ARNOLD from El Paso.**

**No. 08–99–00250–CV.**

Court of Appeals of Texas, El Paso.

Sept. 14, 2000.

---

Jay Nye, El Paso, for Appellant.

Jose R. Rodriguez, County Attorney, Maria Aurelia Salas-Mendoza, Asst. County Atty., El Paso, for Appellee.

Before BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from an order denying Appellant's petition for the expunction of records for charges of driving while intoxicated, (DWI), and carrying a weapon. For reasons set forth below, we affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

On May 31, 1997, Robert Arnold was arrested for driving while intoxicated, ("DWI"), and for unlawfully carrying a weapon. He was again arrested on December 4, 1997 for assault. Following his arrest for DWI and unlawfully carrying a weapon, Arnold signed a waiver agreement entitled "WAIVER OF SPEEDY TRIAL AND WAIVER OF RIGHT OF EXPUNCTION AND VOLUNTARY AGREEMENT TO PARTICIPATE IN THE PRE TRIAL DIVERSION PROGRAM.".

On January 15, 1999, Arnold, filed a petition for the expunction of the records of his DWI, unlawfully carrying a weapon, and assault charges pursuant to TEX.CODE CRIM.PROC.ANN. art 55.01 (Vernon Pamph. 2000).[1] The court granted expunction with

1. TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon Pamph.2000) states:
(a) A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if: (1) the person is tried for the offense for which the person was arrested and is: (A) acquitted by the trial court, except as provided by Subsection (c) of this section; or (B) convicted and subsequent-

respect to the assault charge, but denied expunction with respect to the charges for DWI and unlawfully carrying a weapon. Appellant now brings this appeal.

## II. *DISCUSSION*

Appellant argues that the trial court erred in refusing to expunge the records of the DWI charge and the unlawfully carrying a weapon charge because 1) the waiver agreement is ambiguous; 2) Article 55.01 is not applicable in this case; and 3) the waiver was not signed voluntarily.

### A. Ambiguity

■ The waiver agreement, which Appellant signed on August 19, 1997, states, *inter alia:*

[1] I understand I have an absolute right to a speedy trial as provided by the Texas Code of Criminal Procedure (T.C.C.P.), Article 1.05, Article I, Section 10 Texas Constitution and the 6th Amendment.

[2] I further understand I have the right in accordance with Article 55.01 T.C.C.P., to have my criminal record expunged if I successfully complete the P.T.D. Program.

[3] I hereby agree to voluntarily waive the foregoing rights as set out by Articles 1.05 and 55.01, T.C.C.P., and in accordance with Article 1.14, T.C.C.P., as a condition of my participation in the P.T.D. Program.

· Appellant argues that the agreement is ambiguous because whereas paragraph two clearly states that he has a right to have records expunged under Article 55.01 upon completion of the P.T.D. program, paragraph three vaguely and ambiguously states an opposite assertion, i.e., that such rights are being voluntarily waived.

■ "An unambiguous contract is to be construed by a court as a matter of law." *Donzis v. McLaughlin,* 981 S.W.2d 58, 61 (Tex.App.—San Antonio 1998, no pet.) (citing *Coker v. Coker,* 650 S.W.2d 391, 393–94 (Tex.1983); and *Ortega Carter v. American Intern. Adjustment Co.,* 834 S.W.2d 439, 442 (Tex.App.—Dallas 1992, writ denied)). "A contract is ambiguous if its meaning is uncertain or doubtful or it is reasonably susceptible to more than one meaning." *Id.* at 61 (citing *Coker,* 650 S.W.2d at 393–94). "Whether a contract is ambiguous is a question of law to be decided by a court by looking at the contract in its entirety in light of the circumstances present when the contract was entered." *Id.* at 61 (citing *Coker,* 650 S.W.2d at 393–94). "Only where a contract is first determined to be ambiguous may the court

ly pardoned; or (2) each of the following conditions exist: (A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void; (B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 of this code; and (C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

(b) Except as provided by Subsection (c) of this section, a district court may expunge all records and files relating to the arrest of a person who has been arrested for commission of a felony or misdemeanor under the procedure established under Article 55.02 of this code if the person is: (1) tried for the offense for which the person was arrested; (2) convicted of the offense; and (3) acquitted by the court of criminal appeals.

(c) A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court or the court of criminal appeals, if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.

consider the parties' interpretation and admit extraneous evidence to determine the true meaning of the instrument." *Id.* at 61–62 (citing *National Union Fire Ins. Co. v. CBI Industries, Inc.,* 907 S.W.2d 517, 520 (Tex.1995); and *Nguyen Ngoc Giao v. Smith & Lamm, P.C.,* 714 S.W.2d 144, 147–48 (Tex.App.—Houston [1st Dist.] 1986, no writ)).

Construing the agreement under the above contract principles, we find no ambiguity. The first two paragraphs merely identify which rights Appellant has waived by agreeing with the provisions of the third paragraph. We overrule Appellant's first argument on appeal.

### 2. Applicability of Article 55.01

■ Next, Appellant argues that the trial court erred in denying his request for expunction because "[t]he requirement of an arrestee seeking expunction of an arrest record to show that there had been neither an indictment or information charge in the felony, or that the felony indictment or information was dismissed, did not apply to an arrestee charged only with a misdemeanor." With this, Appellant argues that Article 55.01 "does not apply to misdemeanor cases." Appellant's argument is misplaced for several reasons. First, if the Article does not apply, as Appellant contends, then Appellant is left with no legal grounds for the advancement of his contention that his records must be expunged, as the statute provides the only avenue towards expungement. Thus, the advancement of this position does little to further Appellant's cause. Second, Article 55.01 clearly applies in misdemeanor cases as it contains the following language: "A person who has been arrested for commission of either a felony or misdemeanor . . ." TEX.CODE CRIM.PROC.ANN. art. 55.01(a) (Vernon Pamph.2000). Third, even if Appellant's contention regarding the applicability of certain portions of Article 55.01 were true, it is clear that Appellant waived his right to have the records expunged when he signed the waiver agreement. We overrule Appellant's second argument.

### 3. Voluntariness

■ In his last argument, Appellant asserts that the waiver agreement cannot be used as a justification for the denial of Appellant's expunction request because he was not adequately informed of the full effects of the waiver prior to signing the agreement. Before addressing this argument, we note that appellant is not challenging the voluntariness of his plea. Rather, Appellant simply asserts that the waiver agreement is not a valid contract because it does not reflect his intent to forego his expunction rights in exchange for permission to participate in pre-trial diversion program. Appellant cites several cases which set forth certain standards a court should employ when the issue in the case is whether a party's activities equate to a legal waiver of certain rights. In *Marriott Corp. v. Azar,* 697 S.W.2d 60, 64–65 (Tex.App.—El Paso 1985, writ ref'd n.r .e.), this Court stated: "In determining if waiver has occurred the court must look to the acts, words or conduct of the parties and the intention must be 'unequivocally manifested' that the right will no longer be asserted." (citations omitted). Although Appellant points to his own testimony suggesting that he did not understand the word "expunction" as it was used in the agreement, and that he felt somewhat coerced into signing the agreement because if he did not sign it, he would not have been permitted to participate in the program, the agreement demonstrates a clear intent on the part of Appellant to forego his right to have the records expunged. We can contemplate no clearer exhibition and manifestation of an intent to waive expunction rights than placing one's signature directly under the following sentence which appears at the top of a document entitled "WAIVER OF SPEEDY TRIAL AND WAIVER OF RIGHT OF EXPUNCTION AND VOLUNTARY AGREEMENT TO PARTICIPATE IN THE PRE TRIAL DIVERSION PRO-

GRAM": "I hereby agree to voluntarily waive the foregoing rights as set out by Articles ... 55.01, T.C.C.P., ... as a condition of my participation in the P.T.D. Program." Accordingly, we overrule Appellant's third argument.

Having overruled each of Appellant's arguments on review, we affirm the judgment of the trial court.