**In the Matter of the Expunction of J.H.**

**No. 08–04–00079–CV.**

Court of Appeals of Texas, El Paso.

April 28, 2005.

Jose R. Rodriguez, County Attorney, El Paso, TX, for Appellants.

Thomas S. Hughes, El Paso, TX, for Appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

This is an appeal from an expunction order granted in favor of J.H. The El Paso County Attorneys Office, El Paso County Sheriffs Department, El Paso County Clerks Office, District Attorneys Office, District Clerks Office, Consolidated Data Processing, Records Management and Archives, Director of West Texas Community Supervision and Corrections Department (Probation), Director of El Paso County Court Administration, and the Jail Magistrate (Appellants) argue that the trial court erred in granting the expunction be-

cause there is no evidence of the requirements of TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(C) and art. 55.01(a)(2)(A)(ii). We reverse and render judgment denying the petition for expunction.

On December 19, 2003, J.H. filed a petition to expunge all records and files arising out of an arrest in El Paso, Texas, on December 14, 2001 for the offense of robbery. Appellants filed a general denial on February 3, 2004. The trial court conducted a hearing on the petition on February 23, 2004. J.H. testified that at the time he lived in the same apartment complex as the complaining witness, who had asked him to loan her the use of a credit card in order to rent a car. She kept the rental car longer than they had agreed to and when they later returned the rental car, she did not have any money. J.H. stated that they agreed she would give him her next paycheck and hold some of her personal property as collateral until she paid the remaining difference. About an hour after J.H. had taken the complaining witness's property from her apartment to his, the police showed up. J.H. was arrested and indicted for robbery. Evidence adduced at the hearing showed that the robbery charge was dismissed before trial.

In considering a legal sufficiency or no evidence point, we consider only the evidence and inferences that when viewed in their most favorable light, tend to support the order of expunction, and we disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); *In re Expunction of Ramirez*, 143 S.W.3d 856, 858 (Tex.App.-El Paso 2004, no pet.). If more than a scintilla of evidence exists to support the questioned finding, the no evidence point fails. *Garza*, 395 S.W.2d at 823; *Expunction of Ramirez*, 143 S.W.3d at 858. When the record discloses a complete absence of a vital fact, however, we must sustain the no

evidence point. *Expunction of Ramirez,* 143 S.W.3d at 858.

### Expunction

The right to expunction is a statutory privilege. *In the Matter of Wilson,* 932 S.W.2d 263, 265 (Tex.App.-El Paso 1996, no writ). Under Article 55.01 of the Texas Code of Criminal Procedure, a person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if the person meets certain statutory requirements. *See* Tex. Code Crim.Proc.Ann. art. 55.01(a)(Vernon Supp.2004–05). An expunction proceeding is civil rather than criminal in nature, and the burden of proving compliance with the statute rests with the petitioner. *Houston Police Department v. Berkowitz,* 95 S.W.3d 457, 460 (Tex.App.-Houston [1st Dist.] 2002, pet. denied); *Matter of Wilson,* 932 S.W.2d at 266. In a statutory cause of action, all provisions are mandatory and exclusive and a person is entitled to expunction only when all of the conditions have been met. *Texas Dept. of Public Safety v. Wallace,* 63 S.W.3d 805, 806 (Tex. App.-Austin 2001, no pet.); *Matter of Wilson,* 932 S.W.2d at 266.

To be entitled to expunction when criminal charges are dismissed, the petitioner must show that each of the following conditions exists:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

Tex.Code Crim.Proc.Ann. art. 55.01(a)(2)(A)-(C).

Appellants first allege that J.H. presented no evidence that he has not been convicted of a felony in the five years preceding the date of arrest, therefore, J.H. failed to meet condition (C) of Article 55.01(a)(2).

At the February 23 hearing, J.H. produced no evidence showing that he had not been convicted of a felony in the five years preceding the date of his arrest. On October 14, 2004, J.H. filed with this Court the trial courts order dated October 14, 2004, which granted J.H.s motion to supplement the clerks record to include his affidavit. In the undated affidavit, J.H. attests that he has never been convicted of a felony. This affidavit was not offered into evidence at trial. Documents that are not introduced into evidence at trial are not properly included in the record and cannot be

considered on appeal. *See Noble Exploration, Inc. v. Nixon Drilling Co., Inc.,* 794 S.W.2d 589, 592 (Tex.App.-Austin 1990, no writ).

Having failed to offer any proof that he had not been convicted of a felony in the five years preceding the date of his 2001 arrest, the evidence is legally insufficient to support the expungement order. Accordingly, we hold that the petitioner failed to meet condition (C) of Texas Code of Criminal Procedure article 55.01(a)(2).[1] We sustain Appellants sole issue.

We reverse the trial courts order of expunction and render judgment denying J. H.s petition for expunction.

---

1. It is unnecessary to address Appellants second contention raised in its sole issue regarding failure to establish statutory requirement (2)(A)(ii) of Article 55.01(a).