**In the Matter of the EXPUNCTION OF Justin Patrick JONES.**

**No. 08–08–00065–CV.**

Court of Appeals of Texas, El Paso.

Sept. 30, 2009.

Manuel Romero, Assistant Attorney, El Paso, TX, for Appellant.

Cori A. Harbour, The Harbour Law Firm, PC., El Paso, TX, for Appellee.

Before CHEW, C.J., McCLURE, and RIVERA, JJ.

## *OPINION*

ANN CRAWFORD McCLURE, Justice.

The County of El Paso appeals an order of expunction relating to an arrest for possession of marijuana under two ounces. For the reasons that follow, we reverse and render judgment denying the petition for expunction.

## FACTUAL BACKGROUND

Justin Patrick Jones filed a petition to expunge the records of an arrest for possession of marijuana under two ounces. Pursuant to a plea agreement, the charges were to be dismissed upon his completion of a Pre–Trial Diversion Program. As a prerequisite to enrollment in the program, Jones signed a waiver of his right to expunction. The agreement was entitled, WAIVER OF SPEEDY TRIAL AND WAIVER OF RIGHT OF EXPUNCTION AND VOLUNTARY AGREEMENT TO PARTICIPATE IN THE PRE–TRIAL DIVERSION PROGRAM.

On March 7, 2007, Jones completed the program. On April 12, the county attorney's office moved to dismiss the charges. The trial court dismissed the case that same date. On December 18, Jones filed a petition for expunction which was granted on January 23, 2008. Upon proper request, the court entered findings of fact and conclusions of law.

## WAIVER OF RIGHT TO EXPUNCTION

In the County's sole issue for review, it complains that the expunction order was erroneous because Appellee waived his right of expunction as part of the plea agreement. It also challenges the trial court's specific finding that Appellee did not knowingly waive his right.

### *Standard of Review*

Article 55.01 of the Texas Code of Criminal Procedure controls the right of a person who has been placed under arrest for either a felony or misdemeanor to have all records and files relating to the arrest expunged. Tex.Code Crim.Proc.Ann. art. 55.01(a)(Vernon 2006). A statutory expunction proceeding is civil rather than criminal in nature, and the burden of proving compliance with the statutory conditions rests with the petitioner. *Collin County Criminal Dist. Attorney's Office v. Dobson,* 167 S.W.3d 625, 627 (Tex.App.-Dallas 2005, no pet). Article 55.01 requires strict compliance with conditions imposed by the statute; therefore, courts

have no equitable power to expunge criminal records. *Id.*

We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex parte Jackson*, 132 S.W.3d 713, 715 (Tex.App.-Dallas 2004, no pet.); *see also Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex.App.-Houston [14th Dist.] 2008, no pet.).

A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex.2004); *Bowie Memorial Hospital v. Wright*, 79 S.W.3d 48, 52 (Tex.2002). When reviewing the trial court's decision for an abuse of discretion, the reviewing court may not substitute its judgment for that of the trial court with respect to resolution of factual issues or matters committed to the trial court's discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985); *see Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992).

A trial court's conclusions of law are also reviewable to determine whether the law was incorrectly applied to the facts. *See Heritage Resources, Inc. v. Hill*, 104 S.W.3d 612, 619 (Tex.App.-El Paso 2003, no pet.). Conclusions of law are reviewed *de novo* as legal questions. *Hitzelberger v. Samedan Oil Corporation*, 948 S.W.2d 497, 503 (Tex.App.-Waco 1997, writ denied).

### Waiver/Principles of Contract

A defendant has a statutory right to "waive any rights secured him by law" under Article 1.14(a) of the Texas Code of Criminal Procedure, and such a waiver is judicially enforceable unless the waiver is not "knowingly and intelligently made." *Blanco v. State*, 18 S.W.3d 218, 219 (Tex.Crim.App.2000). " '[C]ourts in-dulge every reasonable presumption against waiver' and ... 'do not presume acquiescence in the loss of fundamental rights.' " *Williams v. State*, 252 S.W.3d 353, 356 (Tex.Crim.App.2008), *citing Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The trial judge is responsible for determining whether a defendant's waiver is knowing, intelligent, and voluntary. *Id.* To assess whether a waiver is effective, courts consider the totality of the circumstances. This means that courts must examine "the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Id.*

One who signs a contract "must be held to have known what words were used in the contract and to have known their meaning, and he must also be held to have known and fully comprehended the legal effect of the contract." *Nguyen Ngoc Giao v. Smith & Lamm, P.C.*, 714 S.W.2d 144, 146 (Tex.App.-Houston [1st Dist.] 1986, no writ). Illiteracy thus does not relieve a contracting party of the consequences of his agreement. *Id.; Vera v. North Star Dodge Sales, Inc.*, 989 S.W.2d 13, 17 (Tex.App.-San Antonio 1998, no pet.); *Brown v. Aztec Rig Equip., Inc.*, 921 S.W.2d 835, 846 (Tex.App.-Houston [14th Dist.] 1996, writ denied). Indeed, "[a]bsent proof of mental incapacity, a person who signs a contract is presumed to have read and understood the contract, unless he was prevented from doing so by trick or artifice." *Vera*, 989 S.W.2d at 17.

This court has previously addressed a waiver of the right of expunction. *See In the Matter of the Expunction of Robert Craig Arnold*, 34 S.W.3d 583 (Tex.App.-El Paso 2000). There, we held that (1) the agreement for waiver of expunction rights was not ambiguous; (2) the plain language of the statute governing expunction estab-

lished that the statute applied to records of misdemeanor cases; and (3) the arrestee sufficiently expressed in the agreement his intent to waive expunction rights in exchange for opportunity to participate in pretrial diversion program. *Id.* In reviewing the plea agreement, we applied basic principles of contract law. *Id.* at 585.

Arnold had argued that the waiver agreement could not be used to justify the denial of his expunction request because he was not adequately informed of its effect. *Id.* at 586. We first noted that Arnold was not challenging the voluntariness of his plea. Instead, he argued that the plea agreement was not a valid contract because it did not reflect his intent to forego his expunction rights in exchange for permission to participate in the pretrial diversion program. *Id.* Arnold pointed to his own testimony suggesting that he did not understand the word "expunction" as it was used in the agreement, and that he felt somewhat coerced into signing it because if he didn't, he would not have been permitted to participate in the program. We concluded, however, that there is no clearer manifestation of an *intent* to waive expunction rights than placing one's signature on a document entitled "WAIVER OF SPEEDY TRIAL AND WAIVER OF RIGHT OF EXPUNCTION AND VOLUNTARY AGREEMENT TO PARTICIPATE IN THE PRE TRIAL DIVERSION PROGRAM." *Id.*

### Analysis

The County contends that *Arnold* rightfully applies here. Jones responds that *Arnold* is distinguishable because he is not arguing that the document was signed involuntarily.

Although *Arnold* did not address whether the waiver was signed "knowingly," we concluded that the signature on the waiver clearly expressed an "intent" to waive the right to expunction. *Arnold,* 34 S.W.3d at 586. As we said in *Arnold,* we analyze the waiver agreement under the basic principles of contract law. One of those principles is that one who signs a contract "must be held to have known what words were used in the contract and to have known their meaning, and he must also be held to have known and fully comprehended the legal effect of the contract." *Nguyen Ngoc Giao,* 714 S.W.2d at 146. Absent proof of mental incapacity, a person who signs a contract is presumed to have read and understood the contract, unless he was prevented from doing so by trick or artifice. *Vera,* 989 S.W.2d at 17.

Here, the trial court found that (1) Jones was given the opportunity to read the plea document and to ask any questions prior to signing; (2) he was twenty-five years of age at the time he signed the plea agreement; and (3) he was an adult fully capable of speaking, reading, writing, and understanding the English language. Giving deference to these findings under the appropriate standard of review, we must conclude that the trial court erred in its application of the law to the facts. Jones knowingly entered into the waiver agreement waiving his right to an expunction. The fact that he didn't read it or understand the word "expunction" does not excuse him from the legal effect of the contract. Accordingly, we reverse and render judgment denying Jones' petition for expunction.