**Opinion issued July 12, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00211-CR

———————————

**STACEY VERNELL GRAY, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 09-DCR-053036**

## MEMORANDUM OPINION

On July 15, 2010, appellant, Stacey Vernell Gray, pleaded guilty to the offense of possession of a controlled substance,[1] without recommendation from the State but pursuant to appellant entering into a drug court program. The trial court accepted appellant's plea, but postponed sentencing and recessed the hearing pending appellant's completion of the drug court program.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §481.115(b) (West 2010).

In conjunction with his plea, appellant signed written admonishments, which stated that there was no plea bargain before the court, but rather an open plea bargain, the outcome of which depended on appellant's successful completion of, or alternatively removal from, the drug court program. Appellant signed a waiver of statutory and constitutional rights, including a waiver of the right to have a court reporter record appellant's plea and all other proceedings in the cause. Appellant also signed a separate waiver of the right to appeal.

Appellant was subsequently terminated from the drug court program, and on February 24, 2011, the trial court sentenced appellant to 18 months confinement in state jail. On that date, Appellant signed a second waiver of the right to appeal and the trial court certified that appellant had waived his right of appeal. Nonetheless, appellant timely filed a notice of appeal.

Upon further review, it was discovered that the certification from the February 2011 sentencing was not signed by appellant, although it was signed by the trial judge and appellant's counsel. Upon the request of this Court, a new certification, signed by appellant, the trial judge, and appellant's counsel, was submitted to this Court, again certifying that appellant had waived his right of appeal.

In reviewing appellant's right to appeal, this Court first looks to the waiver signed in July 2010. When appellant pleaded guilty in July 2010, the plea was

accepted, but sentencing was postponed pursuant to a pre-trial diversion agreement which required appellant to enter a drug court program. Appellant was made aware that if he successfully completed the drug court program, he could elect to have his case dismissed or pursue an expunction. Appellant was also made aware that if he did not successfully complete the drug court program the trial court could assess punishment anywhere within the applicable range provided by statute for the degree of the offense committed. While pre-trial diversion agreements are akin to negotiated plea agreements, *In re D.R.R.*, 322 S.W.3d 771, 773 (Tex. App.—El Paso 2010, no pet.) (citing *Ex parte Williams*, 637 S.W.2d 943, 948 (Tex. Crim. App. 1982)), the waiver executed with respect to these agreements should clearly reflect appellant's intent to forgo his rights in exchange for permission to participate in the pre-trial diversion agreement, *Arnold, Expunction of*, 34 S.W.3d 583, 586 (Tex. App.—El Paso 2000, no pet.). This Court will not reach the issue of whether the July 2010 waiver was valid as it is not dispositive of the result in the appeal before us.

Turning to the second waiver signed by appellant, this Court finds that waiver to be invalid. The waiver used plea-bargain language, but the record does not reflect that appellant's 18 month sentence was the subject of a plea-bargain. Therefore, this second waiver was not a valid waiver of the right to appeal. *See Ex parte Delaney*, 207 S.W.3d 794, 798 (Tex. Crim. App. 2006) (waiver of appeal was not made knowingly and intelligently regarding the sentencing phase of trial when executed

3

before trial court decided to proceed to adjudication of guilt, without any bargain and without a recommended sentence).

Regardless of the validity of the written waivers of appeal signed by appellant, the certification could still be accurate if appellant orally waived his right to appeal in open court after sentencing. However, there is no reporter's record of the sentencing proceedings because appellant waived the taking of a reporter's record.

The proceedings and documents from the trial court are entitled to a "presumption of regularity." The presumption of regularity is a judicial construct that requires the reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the regularity of the proceedings and documents in the lower court. *McCloud v. State*, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975). This means that the recitation in the records of the trial court are binding in the absence of direct proof of their falsity. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). The certification of defendant's right to appeal is a document from the trial court, and therefore is one of the documents entitled to a "presumption of regularity."

The burden is on the defendant to overcome this presumption. *Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd.). When the defendant waives the right to have a court reporter record the plea hearing and other proceedings in the cause, the burden is nonetheless on the defendant to see

4

that a sufficient record is presented on appeal to show error. *See Montoya v. State*, 872 S.W.2d 24, 25 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd.).

In his notice of appeal, appellant contends that he did not want to sign the certification or signed it under false pretenses. However, without a record, appellant cannot demonstrate that he did not waive his right of appeal in open court after sentencing. Because this Court must presume that the records of the trial court are binding without direct proof of their falsity, this Court must presume that appellant waived his right of appeal in open court after sentencing and that the trial court's certification is valid.

This appeal is currently abated. A supplemental clerk's record complying with our Order of Abatement has been filed with the Clerk of this Court. Therefore, we order the appeal reinstated. For the reasons above, we dismiss the appeal for want of jurisdiction. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish.   TEX. R. APP. P. 47.2(b).