### In the Matter of the Expunction of M.C.

#### No. 08–11–00105–CV.

Court of Appeals of Texas, El Paso.

Aug. 30, 2013.

Santiago D. Hernandez, El Paso, for Appellee.

Manuel Romero, Assistant County Attorney, El Paso, for Appellant.

Before McCLURE, C.J., RIVERA, and ANTCLIFF, not participating, JJ.

## OPINION

GUADALUPE RIVERA, Justice.

The El Paso County Sheriff's Department, the El Paso County Attorney's Office, the El Paso County Clerk's Office, the El Paso District Attorney's Office, the El Paso District Clerk's Office, Records Management and Archives, the Director of West Texas Community Supervision and Corrections Department, the Director of El Paso County Court Administration, the Jail Magistrate, and the El Paso County Detention Facility, Appellants, appeal from an order granting M.C.'s petition for expunction of an arrest record. We reverse and render judgment denying the petition for expunction.

## BACKGROUND

On or about December 1, 2007, M.C. was arrested for possession of marijuana. On May 6, 2008, as part of a plea agreement, M.C. entered into a pre-trial diversion program (PTD) and signed a "Waiver of Speedy Trial and Waiver of Right of Expunction and Voluntary Agreement to Participate in the Pre–Trial Diversion Program" (the PTD Agreement). Under the plea agreement, the State would dismiss the possession case if M.C. successfully completed the PTD program. By signing the PTD Agreement, M.C. waived certain rights to participate in the PTD program, including his right to have the criminal record expunged under Article 55.01 of the Texas Code of Criminal Procedure. The PTD Agreement M.C. signed in 2008 provided, in pertinent part, that:

> I understand that I have an absolute right to a speedy trial as provided by the Texas Code of Criminal Procedure (T.C.C.P.) Article 1.05; Article I, Section 10 Texas Constitution; and the 6th Amendment of the United States Constitution.
>
> *I further understand that I have the right in accordance with Article 55.01, T.C.C.P., to have my criminal record expunged if I successfully complete the ... (PTD) Program in accordance with Article 55.01, T.C.C.P.*
>
> *I hereby agree to voluntarily waive the foregoing rights as set out by Articles 1.05 and 55.01 T.C.C.P., in accordance with Article 1.14 T.C.C.P., as a condition of my participation in the PTD program.*

On December 12, 2008, M.C. successfully completed the PTD program. The State then moved to dismiss the possession case on December 16, 2008. In October 2010, M.C. filed a petition seeking to expunge all records and files relating to his 2007 arrest for possession. In response, Appellants filed a general denial and asserted that M.C. had waived his right to expunction as part of the PTD Agreement.

After a hearing on M.C.'s petition on January 12, 2011 and February 16, 2011, the trial court granted M.C.'s expunction petition pursuant to Article 55.01(a)(2) of the Texas Code of Criminal Procedure. Appellants then filed a motion for new trial, a request for findings of fact and conclusions of law, and a notice of past due findings.[1] This appeal followed.

## DISCUSSION

### Waiver of the Right to Expunction

In a single issue on appeal, Appellants argue that the trial court abused its discretion by granting M.C.'s petition.

### Standard of Review

We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *In re C.F.P.*, 388 S.W.3d 326, 328 (Tex.App.-El Paso 2012, no pet.); *In re D.R.R.*, 322 S.W.3d 771, 772–73 (Tex.App.-El Paso 2010, no pet.). A trial court abuses its discretion if it acts arbitrarily or unreasonably without reference to guiding rules and principles of law. *In re C.F.P.*, 388 S.W.3d at 328. Moreover, a trial court abuses its discretion if it fails to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 849 (Tex.1992). Where findings of fact and conclusions of law are not properly requested and none are filed, we are required to presume that all of the questions of fact were implicitly found in support of the judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989). We must affirm the judgment of the trial court if it can be upheld on any legal theory. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984).

### Applicable Law

The right to an expunction is a statutory right. *In re E.R.W.*, 281 S.W.3d 572, 573 (Tex.App.-El Paso 2008, pet. denied). Pursuant to Article 55.01 of the Texas Code of Criminal Procedure a person is entitled to have all records and files relating to an arrest expunged if certain statutory requirements are satisfied. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01(a) (West 2006); *In re E.R.W.*, 281 S.W.3d at 573. In a statutory cause of action, all provisions are mandatory and exclusive and a person is entitled to an expunction only when all of the conditions have been met. *In re Expunction of A.R.*, 225 S.W.3d 643, 646 (Tex.App.-El Paso 2006, no pet.). Moreover, because an expunction proceeding is civil rather than criminal, the petitioner bears the burden of establishing that the statutory requirements have been met. *In re Expunction of D.G.*, 310 S.W.3d 465, 467 (Tex.App.-El Paso 2010, no pet.). Accordingly, courts have no inherent authority or equitable power to expunge criminal records. *Id.* Rather, they must strictly comply with the statutory requirements for expunction. *Id.*

Under Texas law, a defendant can waive any rights secured him by law. TEX.CODE CRIM. PROC. ANN. art. 1.14(a) (West 2005); *In the Matter of the Expunction of R.B.*, 361 S.W.3d 184, 187 (Tex. App.-El Paso 2012, pet. denied). However, a defendant's waiver must be knowingly and intelligently made in order for it to be judicially enforceable. *In the Matter of the Expunction of Jones*, 311 S.W.3d 502, 505 (Tex.App.-El Paso 2009, no pet.) (citing *Blanco v. State*, 18 S.W.3d 218, 219 (Tex.Crim.App.2000)). It is the responsi-

---

1. We observe that although Appellants timely filed their request for findings and conclusions, their notice of past due findings and conclusions was not timely. *See* TEX.R. CIV. P.

296, 297. Thus, Appellants did not properly request findings and conclusions. *See In re S.D.*, 349 S.W.3d 76, 80 n. 1 (Tex.App.-El Paso 2010, no pet.).

bility of the trial court to determine whether a defendant has knowingly, intelligently, and voluntarily waived his rights. *Id.* Upon reviewing the validity of a waiver, we look at the totality of the circumstances. *Id.* In reviewing the totality of the circumstances, we may consider a defendant's background, experience, and conduct. *Id.*

 PTD agreements are akin to negotiated plea agreements, which have been equated to a contract. *In re D.R.R.,* 322 S.W.3d at 773. This Court has previously applied the principles of contract to waivers of the right to seek expunction. *See Expunction of Jones,* 311 S.W.3d at 505, 506; *Expunction of Arnold,* 34 S.W.3d 583, 586 (Tex.App.-El Paso 2000, no pet.). A party to a contract is held to have known what words were used in the contract and to have known their meaning, and must be held to have known and fully understood the legal effect of the contract. *Expunction of Jones,* 311 S.W.3d at 505. Illiteracy does not relieve a party to the contract from the consequences of his agreement. *Id.* at 505. We presume that a party who signs a contract has read it and understood it unless he was prevented from doing so by trick or artifice. *Id.*

 A defendant who accepts the benefits of a contract is estopped from later questioning the existence, validity, or effect of the contract. *In re D.R.R.,* 322 S.W.3d at 774. Moreover, "[a] defendant cannot enter an agreement, benefit therefrom, and then attack the agreement later when it is suddenly in his interests to do so." *Id.* In addressing waivers of the right to expunction, this Court has previously concluded that there is no clearer showing of a defendant's intent to waive his expunction rights where he has signed a document entitled "Waiver of Speedy Trial and Waiver of Right of Expunction and Voluntary Agreement to Participate in the Pre-

Trial Diversion Program." *See Expunction of Jones,* 311 S.W.3d at 506; *Expunction of Arnold,* 34 S.W.3d at 586.

### *Application*

### Statutory Amendment of Article 55.01

First, Appellants contend that the trial court abused its discretion by creating an exception to Article 1.14 of the Texas Code of Criminal Procedure and by retroactively applying the 2009 amendment of Article 55.01 to M.C.'s waiver. In response, M.C. argues that he never waived his right to an expunction because he had no right to an expunction based on the completion of a PTD program under the version of Article 55.01 in effect in 2008 when he signed the PTD Agreement. In essence, this is an allegation about the limited scope of M.C.'s waiver of the right to seek an expunction under the law as it existed at the time he signed the PTD Agreement.

 Waiver is the intentional relinquishment or abandonment of a known right or privilege. *In re R.B.,* 361 S.W.3d at 187 (citing *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *Jernigan v. Langley,* 111 S.W.3d 153, 156 (Tex.2003)). As noted earlier, it is well established that under Article 1.14 of the Code of Criminal Procedure, a defendant can waive any rights secured him by law. TEX.CODE CRIM. PROC. ANN. art. 1.14(a) (West 2005); *In re R.B.,* 361 S.W.3d at 187. Article 55.01 was amended in 2009 to expressly authorize an expunction when a defendant's criminal case is dismissed due to the successful completion of a PTD program. TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii) (West Supp.2012). In the line of cases following the 2009 amendment, we rejected arguments that the amendment provided a basis for exemption despite the petitioner's waiver of the right to seek an expunction. *See In re C.F.P.,*

388 S.W.3d at 330 (concluding that the trial court abused its discretion by finding that Article 55.01(a)(2)(A)(ii) superseded petitioner's waiver of his right to an expunction); *In re R.B.*, 361 S.W.3d at 188–89, 191 (concluding that although the former version of Article 55.01 did not expressly authorize an expunction based on the petitioner's successful completion of a PTD program, the statute did not prohibit it, and given that petitioner had a right to seek an expunction at the time he signed the PTD agreement, the trial court erred by refusing to apply waiver to expunction petition); *In the Matter of the Expunction of Worrell*, 334 S.W.3d 342, 345–46 (Tex. App.-El Paso 2011, pet. denied) (rejecting retroactive application of 2009 statutory amendment argument because amendment was enacted after the trial court made its ruling and was not expressly designated to apply retroactively).

■ In 2011, the Legislature made the 2009 statutory amendment retroactive effective September 1, 2011. *See* Acts 2009, 81st Leg., R.S., ch. 1103, § 17(b), 2009 Tex. Gen. Laws 3010, 3019; Acts 2009, 81st Leg., R.S., ch. 840, § 5, 2009 Tex. Gen. Laws 2086, 2088 [current version at TEX.CODE CRIM. . PROC. ANN. art. 55.01(a)(2)(A)(ii) (West Supp.2012) ]; Acts 2011, 82nd Leg., R.S., ch. 690, § 7, 2011 Tex. Gen. Laws 1651, 1655; Acts 2011, 82nd Leg., R.S., ch. 894, § 3, 4, 2011 Tex. Gen. Laws 2274, 2276. The petition for expunction in this case was filed in October 2010 and granted on February 16, 2011, as such the 2011 amendments do not apply, as the. amendments apply only "to an expunction of arrest records and files for any criminal offense that occurred before, on, or after the effective date of this Act." *See* Acts 2011, 82nd Leg., R.S., ch. 690, § 7, 2011 Tex. Gen. Laws 1651, 1655; Acts 2011, 82nd Leg., R.S., ch. 894, § 3, 4, 2011 Tex. Gen. Laws 2274, 2276. In *Ex parte*

*Mason*, the Dallas Court of Appeals read this language to mean that the 2011 statutory amendments applied only to petitions for expunction filed on or after the effective date regardless of when the criminal offense occurred. No. 05–11–00046–CV, 2013 WL 1456632, at *1 n. 1 (Tex.App.-Dallas Apr. 9, 2013, no pet. h.) (memo op.); *see also Ex parte Luan Le*, No. 05–12–00248–CV, 2013 WL 2725593, at *3 n. 1 (Tex.App.-Dallas June 12, 2013, no pet. h.) (memo op.). We agree with our sister court's reading of the statutory language. Because M.C.'s petition pre-dated the 2011 amendments' effective date, those amendments do not apply. *See Ex parte Mason*, 2013 WL 1456632, at *1 n. 1; *Ex parte Luan Le*, 2013 WL 2725593, at *3 n. 1.

■ M.C. also contends that this Court should refuse to enforce his PTD agreement on public policy grounds. In support of this contention, he relies on the dissenting opinion in *In re D.R.R.*, 322 S.W.3d at 775 (Chew, C.J., dissenting). Specifically, M.C. argues that the El Paso County District Attorney's policy requiring defendants who wish to enroll in the PTD program to waive their right to expunction contravenes the 2011 version of Article 55.01 and the Legislature's intent to grant an expunction remedy to all persons who completed a PTD program. We have consistently upheld waivers of the right to an expunction as part of an agreement to participate in a PTD program. *See In re D.R.R.*, 322 S.W.3d at 773–74; *Expunction of Jones*, 311 S.W.3d at 505–06; *Expunction of Arnold*, 34 S.W.3d at 586–87. We see no reason for departing from that holding in this case; and, we conclude that the trial court abused its discretion by determining that M.C. was entitled to an expunction under Article 55.01(a)(2) of the Texas Code of Criminal Procedure.

### Knowing and Intelligent Waiver

Next, Appellants argue that the trial court abused its discretion in finding that M.C. did not knowingly and intelligently waive his right to an expunction. Appellants contend that M.C. knowingly and voluntarily signed the waiver of the right to expunction as part of his plea agreement with the State. Specifically, Appellants maintain that M.C. should be bound by the agreement because M.C. enjoyed the benefit of the bargain as the State dismissed M.C.'s criminal case after he completed the PTD program.

■ Initially, we note that M.C. does not dispute that he voluntarily signed the PTD agreement. Rather, M.C. asserts that the trial court's finding that he did not knowingly or intelligently sign the waiver is supported by the reporter's record. The record sets out the trial court's oral pronouncement finding that M.C. did not knowingly and intelligently waive his right to expunction based on the facts presented in the testimony. However, the record does not contain written findings of fact and conclusions of law concerning the voluntariness of M.C.'s waiver. Therefore, in the absence of findings of fact or conclusions of law, we must presume the trial court implicitly found facts in support of its order. *Roberson,* 768 S.W.2d at 281. We must affirm the judgment of the trial court if it can be upheld on any legal theory. *In the Interest of W.E.R,* 669 S.W.2d at 717. However, a trial court abuses its discretion if it acts arbitrarily or unreasonably without reference to guiding rules and principles of law. *In re C.F.P.,* 388 S.W.3d at 328. Moreover, a trial court abuses its discretion if it fails to analyze or apply the law correctly. *Walker,* 827 S.W.2d at 849.

At the expunction hearing, M.C. testified that he attended the PTD program in order to have his possession charge dismissed. He testified that at the PTD orientation no one explained anything to him and that he was merely asked to sign the PTD agreement. M.C. stated that he reviewed the PTD agreement, "but [he] might have not read it correctly as [he] wanted to." M.C. testified that he did not sign the PTD intelligently and that no one informed him of the consequences of signing the document. He further testified that although he could have chosen to fight his case, his attorney recommended that he participate in the PTD program. According to M.C., his attorney failed to explain the waiver portion to him. M.C. urged that had that been explained to him, he would not have signed the PTD agreement. On cross-examination, M.C. agreed that he understands and can read the English language, and admitted that he signed the PTD agreement. The PTD agreement signed by M.C. was entitled "Waiver of Speedy Trial and Waiver of Right of Expunction and Voluntary Agreement to Participate in the Pre–Trial Diversion Program."

■ Because we analyze the PTD agreement under the basic principles of contract law, the fact that M.C. did not read the PTD agreement as correctly as he would have liked or that he alleges that no one explained the consequences of signing the PTD agreement, does not allow him to disavow the contractual agreement he entered into with the State. *See Expunction of Jones,* 311 S.W.3d at 506 (concluding that the appellee knowingly entered into the PTD agreement and the fact that he failed to read agreement or that he did not understand the word "expunction" did not excuse him from the agreement's legal effect). Here, M.C. testified that he read the PTD agreement, voluntarily signed the PTD agreement, and attended the PTD program in order to have his criminal case dismissed. Thus, absent

proof of mental incapacity, trick, or artifice, M.C. is presumed to have read and understood the contract. *See id.* at 505. Furthermore, "[a] defendant cannot enter an agreement, benefit therefrom, and then attack the agreement later when it is suddenly in his interests to do so." *In re D.R.R.*, 322 S.W.3d at 774. The record before us reflects and M.C. does not dispute that the State dismissed the possession charge against him as promised.

 On appeal, M.C. does not allege a mental incapacity or that he was prevented from reading and understanding the contract due to trick or artifice. Instead he argues that it is conceivable that as a "non-lawyer" he was not knowledgeable of his rights and that he did not even know what the term "expunction" meant when he signed the waiver form. Based on the foregoing, we conclude that the trial court abused its discretion in its application of the law to facts. *See Walker*, 827 S.W.2d at 849. Accordingly, we conclude that M.C. knowingly and intelligently signed the PTD agreement waiving his right to an expunction. *See Expunction of Jones*, 311 S.W.3d at 506. Issue One is sustained.

## CONCLUSION

We reverse the trial court's order of expunction and render judgment denying M.C.'s petition for expunction.