# IN THE SUPREME COURT OF TEXAS

NO. 13-0161

IN RE THE STATE BAR OF TEXAS

ON PETITION FOR WRIT OF MANDAMUS

JUSTICE BOYD, joined by JUSTICE WILLETT, concurring in the judgment.

The Court concludes in this case "that [an] expungement order does not bar the Commission [for Lawyer Discipline] from using records from [a] criminal trial in [a subsequent] grievance proceeding." *Ante* at ___. The Court reaches this conclusion because (1) the defendant in the criminal case "has the right to voluntarily waive his expunction rights" and has done so here, *ante* at ___; (2) the trial court's construction of the expunction statute "contravenes the statute's primary purpose" and is "at odds with the acquitted defendant's interests," *ante* at ___; and (3) the trial court's order "interferes with the disciplinary process, disrupting the regulatory scheme promulgated by this Court to govern cases of attorney discipline," *ante* at ___. In my view, the latter two reasons, even if true, provide an inadequate basis to ignore the unambiguous language of the expunction statute. But I agree with the Court's first reason and therefore concur in the judgment.

Article 1.14 of the Texas Code of Criminal Procedure affirms that a defendant in a criminal prosecution "may waive any rights secured him by law." TEX. CRIM. PROC. CODE art. 1.14(a). Article 55.01 provides a defendant a right to expunction that may be waived. *See, e.g.*, *In re Expunction of Jones*, 311 S.W.3d 502 (Tex. App.—El Paso 2009, no pet.) (holding that a defendant knowingly waived his rights to expunction under article 1.14). The defendant in this case

consented to the Commission's motion for access to the expunged records for use in the pending disciplinary action and has filed a brief in support of the Commission's petition in this Court. Article 55.01 grants a right to the defendant, not the prosecutor, and I agree that in this case the defendant has waived that right.

There is no need in this case for the Court to consider whether the trial court's order "contravenes" the expunction statute's unexpressed purpose or "interferes with the disciplinary process." Because the defendant has waived his rights under the expunction statute, I agree that the trial court abused its discretion by denying the Commission access to the criminal trial record.

_____

Jeffrey S. Boyd
Justice

Opinion delivered: August 22, 2014