

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

August 8, 2017

The Honorable Mark A. Gonzalez
Nueces County District Attorney
Nueces County Courthouse
901 Leopard, Room 206
Corpus Christi, Texas 78401-3681

Opinion No. KP-0158

Re: Whether the State may obtain a waiver of a defendant's right to seek expunction of the record of arrest for the offense for which it places the defendant in pretrial diversion (RQ-0148-KP)

Dear Mr. Gonzalez:

Article 55.01 of the Code of Criminal Procedure entitles a person arrested for commission of a misdemeanor or certain felonies to have all records and files relating to the arrest expunged by meeting specified requirements. TEX. CODE CRIM. PROC. art. 55.01. You state that you have a pretrial diversion or intervention program to rehabilitate first-time offenders charged with minor, nonviolent crimes and thereby avoid a criminal conviction.[1] You explain that you would like to retain the record of a program participant's offense because, should the person reoffend, that information would be pertinent to whether to offer a second chance at pretrial diversion. Request Letter at 2. You ask whether the State may require a defendant to waive the right to expunge the record of the arrest for an offense in order to participate in a pretrial diversion program for that offense. *Id.* at 1–2.

Expunction is purely a matter of statutory privilege, not a constitutional or common-law right. *In re State Bar of Tex.*, 440 S.W.3d 621, 624 (Tex. 2014); *T.C.R. v. Bell Cty. Dist. Att'y's Office*, 305 S.W.3d 661, 663 (Tex. App.—Austin 2009, no pet.). One of the statutory grounds for granting an expunction order is a person's completion of a pretrial intervention program. TEX. CODE CRIM. PROC. art. 55.01(a)(2)(A)(ii). However, a defendant can "waive any rights secured him by law." *Id.* art. 1.14(a). Because a person may waive "any rights secured him by law," a person may waive the right to seek expunction. *Id.*; *see In re State Bar of Tex.*, 440 S.W.3d at 626 (recognizing that expunction rights can be waived); *In re Expunction of Jones*, 311 S.W.3d 502, 506 (Tex. App.—El Paso 2009, no pet.) (reversing expunction order because of the defendant's signed waiver).

While the El Paso Court of Appeals appears to be the only court to have considered your specific question, several of its opinions establish that a person may waive the right to expunction

---

[1]Letter from Honorable Mark A. Gonzales, Nueces Cty. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 2 (Feb. 14, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

as a condition of participation in a pretrial intervention program, provided the waiver is voluntarily, knowingly, and intelligently made. *See In re Expunction of M.C.*, 412 S.W.3d 48, 53–54 (Tex. App.—El Paso 2013, pet. denied) (rejecting argument that waiver of expunction rights as condition of pretrial diversion program is against public policy); *In re Expunction of D.R.R.*, 322 S.W.3d 771, 773–74 (Tex. App.—El Paso 2010, no pet.) (holding that prosecutor and defendant who enter into pretrial diversion agreement waiving expunction rights are parties to a contract); *In re Expunction of R.B.*, 361 S.W.3d 184, 187 (Tex. App.—El Paso 2012, pet. denied) (holding that a waiver of expunction rights "is judicially enforceable unless the waiver is not knowingly and intelligently made"); *In re Expunction of Jones*, 311 S.W.3d at 505 (holding that the trial court must ensure that "waiver is knowing, intelligent, and voluntary"); *In re Expunction of Arnold*, 34 S.W.3d 583, 586–87 (Tex. App.—El Paso 2000, no pet.) (finding that signed agreement was voluntary). The role of an attorney general opinion is to assess how a court would likely rule on a legal question in light of prior court decisions. *See* Tex. Att'y Gen. Op. No. KP-0143 (2017) at 2. The multiple opinions directly addressing the issue compel the conclusion that article 1.14 of the Code of Criminal Procedure allows a person to waive the right to seek expunction of arrest records and files as a condition in a pretrial diversion agreement, provided the waiver is voluntarily, knowingly, and intelligently made.

### S U M M A R Y

Article 1.14 of the Code of Criminal Procedure allows a person to waive the right to seek expunction of arrest records and files as a condition in a pretrial diversion agreement, provided the waiver is voluntarily, knowingly, and intelligently made.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee