**Elisha Genaro DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 947–91, 948–91.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 23, 1991.

---

Stanley G. Schneider, Tom Moran, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Linda A. West, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was indicted in separate cases for delivery of cocaine. A jury convicted him of both offenses in one trial and assessed punishment at confinement for thirty-three years. The Court of Appeals affirmed the convictions. *Davis v. State*, 814 S.W.2d 159 (Tex.App.–Houston [14th], 1991). In ground number three of his petitions for discretionary review, appellant contends the Court of Appeals erred in not addressing one of his points of error.

The Court of Appeals overruled appellant's point of error number two concerning a limitation of voir dire, stating that appellant did not cite any place in the record where his voir dire was limited and citing Tex.R.App.Pro. 74(d). In his petitions for discretionary review appellant notes that he did cite to the record when setting out the facts of the point of error. Appellant also relies upon Tex.R.App.Pro. 90(a) to argue that the Court of Appeals should have addressed his point of error.

Rule 74 sets out the requirements for briefs. Rule 74(d) contains some specifications concerning points of error, and explains that, "[a] point is sufficient if it directs the attention of the appellate court to the error about which complaint is made." Further, Rule 90(a) mandates that the courts of appeals, "shall hand down a written opinion which shall be as brief as possible, but which shall address every issued raised and necessary to the final disposition of the case." Therefore, we hold that the courts of appeals ought not dismiss a point of error out of hand when there is substantial compliance with the rules.

Appellant substantially complied with the rules such that the Court of Appeals should have addressed his point of error. Grounds number three of appellant's petitions are summarily granted. The judgments of the Court of Appeals are vacated and the cases are remanded to the Court of Appeals for consideration of appellant's point of error number two. Grounds one and two of appellant's petitions for discretionary review are dismissed without prejudice to refile after the Court of Appeals' disposition of the remanded ground.