Kenneth Alan **NOLEN** A.K.A. Kenneth Allen Nolen, Appellant

v.

The **STATE** of Texas, Appellee.

No. 601–94.

Court of Criminal Appeals of Texas, En Banc.

March 29, 1995.

---

David A. Pearson IV, Fort Worth, for appellant.

Amy Ayers Adams, Dist. Atty., Donald E. Schnebly, Asst. Dist. Atty., Weatherford, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION DISSENTING TO REFUSAL OF STATE'S PETITION FOR DISCRETIONARY REVIEW

MCCORMICK, Presiding Judge.

A jury convicted appellant of aggravated possession of a controlled substance, namely amphetamine of 400 grams or more. The jury assessed punishment at ninety-nine years' confinement in the Institutional Division of the Texas Department of Corrections and a $100,000 fine. On appeal the Fort Worth Court of Appeals reversed and ordered a new trial on the basis that the trial court erred in allowing the admission of extraneous offense evidence. *Nolen v. State*, 872 S.W.2d 807 (Tex.App.—Fort Worth 1994).

The State filed a petition for discretionary review with the following questions for review: (1) whether the Court of Appeals should have addressed the State's argument that the appellant failed to preserve for appellate review any possible error in the admission of the extraneous offense evidence; (2) whether, in the alternative, the Court of Appeals was correct in impliedly concluding that the appellant preserved his objection under Rule 404(b) of the Texas Rules of Criminal Evidence to the extraneous offense evidence; (3) whether, in the alternative, the Court of Appeals was correct in impliedly concluding that the appellant preserved his objection under Rule 403(b) of the Texas Rules of Criminal Evidence to the extraneous offense evidence; (4) whether the Court of Appeals conducted a 404(b) review that is consistent in principle with this Court's hold-ing in *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Cr.App.1991) (Opinion on Rehearing) that a trial court's decision in admitting an extraneous offense must be reviewed by an abuse of discretion standard and with this Court's reasoning in *Plante v. State*, 692 S.W.2d 487, 491 (Tex.Cr.App.1985) that, in determining the admissibility of an extraneous offense, the factors of remoteness and similarity are important, not in and of themselves, but only as they bear on the relevancy and probative value of the offered extraneous offenses; and (5) whether the Court of Appeals evaluated the factors under the 403 balancing test in a manner consistent with decisions of other Courts of Appeals and this Court.

On direct appeal appellant argued that the trial court erroneously admitted evidence of an extraneous offense. In its response brief the State argued that appellant failed to preserve for appellate review any possible error concerning the admission of the extraneous offense evidence. In response to the State's waiver argument, appellant wrote a supplemental brief dedicated solely to arguing that he had preserved error because an implied ruling could be gleaned from the record. The State replied to this supplemental brief with a supplemental brief of its own solely devoted to again arguing that error, if any, had not been preserved for appellate review. The appellant again responded with another supplemental brief again arguing that he had preserved error. However, despite the considerable amount of brief writing by both sides, the Court of Appeals never addressed the highly contested issue of preservation of error.

In *Davis v. State*, 817 S.W.2d 345, 346 (Tex.Cr.App.1991), this Court held that the Court of Appeals must address every issue raised and *necessary to final disposition.* It is necessary to final disposition of the case at bar for the Court of Appeals to address the issue of waiver for two crucial reasons. First, if the Court of Appeals had upheld the waiver argument, any controversy over the merits would be moot. Second, the Court of Appeals needs to address the waiver argument so that either party will have the opportunity to prepare a petition for discretion-

ary review on this point. As it stands, in preparing a petition for discretionary review, neither side can argue that the Court of Appeal's reasoning regarding the waiver issue is in conflict with decisions of the other Courts of Appeals or the Court of Criminal Appeals because there is no reasoning to compare with that of other decisions. Therefore, the Court of Appeals should address the waiver issue as it is necessary to the final disposition of this case. *Davis,* 817 S.W.2d at 346.

Accordingly, I would remand to the Court of Appeals to address the question that the appellant failed to preserve for appellate review any possible error in the admission of the extraneous offense evidence and would dismiss the State's other questions for review without prejudice. To the majority's decision to do otherwise, I respectfully dissent.

MANSFIELD and KELLER, JJ., join this dissent.