NUMBER 13-97-124-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


DOUG LEE FORD, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 329th District Court of Wharton

County, Texas.

____________________________________________________________________


OPINION ON REMAND



Before Chief Justice Seerden and Justices Hinojosa and

Chavez

Opinion by Justice Hinojosa



 A jury found appellant, Doug Lee Ford, guilty of possession of
cocaine and assessed his punishment at fifty years imprisonment. By
four points of error, appellant contends: (1) the prosecutor's strikes of
African-American jurors were racially motivated; (2) the trial court
improperly denied his motion to suppress the introduction of the
cocaine into evidence because it was the product of an unlawful arrest;
(3) the trial court improperly denied his motion to suppress the
introduction of the cocaine into evidence because a proper chain of
custody could not be established; and (4) the trial court erred in
allowing into evidence the criminal conduct of a third party.

 After finding the prosecutor's strikes of African-American jurors
were improper, we sustained appellant's first point of error, reversed
the conviction, and ordered a new trial. Ford v. State, No. 13-97-124-CR, (Tex. App.--Corpus Christi March 12, 1998) (not designated for
publication) 1998 Tex. App. LEXIS 1573 at *7-*8 .(1) The Court of
Criminal Appeals reversed our opinion, finding the State had shown a
race-neutral motive for the strikes, even though the prosecutor was
mistaken as to the information he relied upon. Ford v. State, 1 S.W.3d
691, 694 (Tex. Crim. App. 1999). On remand, we review appellant's
remaining points of error.

A. Standard of Review


1. Motion to Suppress


 A trial court's ruling on a motion to suppress is generally reviewed
for abuse of discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim.
App. 1999); Maddox v. State, 682 S.W.2d 653, 564 (Tex. Crim. App.
1985). The trial court is the sole trier of fact and judge of the weight
and credibility of the evidence, and the reviewing court may not disturb
supported findings of fact absent an abuse of discretion. State v.
Ballard, 987 S.W.2d 889, 891 (Tex. Crim App. 1999). We must afford
almost total deference to the trial court's determination of facts
supported by the record and its rulings on application of law to fact, or
"mixed" questions of law, when those fact findings involve an
evaluation of the credibility and demeanor of witnesses. Maestas v.
State, 987 S.W.2d 59, 62 (Tex. Crim. App. 1999); Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). However, we review de novo
mixed questions of law and fact that do not turn on an evaluation of
credibility and demeanor. Oles, 993 S.W.2d at 106; Maestas, 987
S.W.2d at 62; Guzman, 955 S.W.2d at 89. On the other hand, if the
issue is whether an officer had probable cause to seize a suspect, under
the totality of the circumstances, the trial judge is not in an appreciably
better position than the reviewing court to make that determination. 
Guzman, 955 S.W.2d at 87; see also Loserth v. State, 963 S.W.2d 770,
772 (Tex. Crim. App. 1998). Therefore, we will review appellant's point
of error concerning the suppression of the cocaine as the fruit of an
unlawful search and seizure by looking at the totality of the
circumstances of the search and seizure.

 At the hearing on his motion to suppress, appellant presented
conflicting testimony concerning the chain of custody of the cocaine. 
Therefore, we will review appellant's point of error regarding the
suppression of the cocaine due to chain of custody problems in the light
most favorable to the trial court's ruling.

2. Admission of Other Evidence


 A trial court should be allowed the discretion to exclude or admit
evidence, and an appellate court should not set aside the trial court's
ruling absent a showing in the record that the trial court has abused
that discretion. Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App.
1996), cert. denied, 520 U.S. 1200 (1997); Montgomery v. State, 810
S.W.2d 372, 379 (Tex. Crim. App. 1990). Unless the decision falls
outside the zone of reasonable disagreement, given the law and
pertinent circumstances, there is no abuse of discretion and the trial
court's decision must be upheld. Santellan v. State, 939 S.W.2d 155,
169 (Tex. Crim. App. 1997); Rachal v. State, 917 S.W.2d 799, 807
(Tex. Crim App. 1996); Montgomery, 810 S.W.2d at 379; Moreno v.
State, 987 S.W.2d 195, 205 (Tex. App.--Corpus Christi 1999, pet. ref'd).

B. Facts


 On August 6, 1996, Wharton Police Detectives Terry Lynch
("Lynch") and Allen Peikert ("Peikert") were sitting in their patrol car in
a parking lot in Wharton talking with Wharton Police Officer Grady
Smith, who was in his own patrol car. Lynch observed a black Mazda
Protege without a front license plate being driven by Bryant "Red"
Williams, whom Lynch knew had a suspended driver's license. Lynch
also had information from a reliable confidential informant that Williams
was selling drugs out of a black Mazda. The two detectives activated
the lights on their patrol car and followed the Mazda, attempting to
make a traffic stop. A slow-speed chase ensued, during which the
detectives observed Williams and his passenger making "furtive
movements . . . hand movements, body movements, back and forth .
. . the passenger may have been looking back." The Mazda finally
stopped when Smith pulled his patrol car in front of it. 

 Lynch approached the passenger-side door. He had already
decided to frisk the passenger because of the furtive movements
between appellant and Williams. The door swung open and appellant
got out of the car without being asked. Lynch recognized appellant and
knew he was on parole for narcotics violations, had been involved in
"assaultive situations," and had previously fled from the police. At this
point, Lynch feared for his own safety and that of his fellow officers. He
ordered appellant to place his hands on the roof of the car so he could
be patted down for weapons. Instead of complying, appellant turned
and attempted to shove past Lynch. When Lynch grabbed appellant's
arm to stop him, appellant struck Lynch's shoulder with his arm in an
attempt to get by, resulting in a struggle between appellant, Lynch, and
Peikert. Peikert finally subdued appellant with a lateral vascular neck
restraint.(2) Appellant was arrested for the assault of a peace officer. The
two detectives managed to handcuff appellant's arms behind his back,
but appellant fled again. Smith and police intern Jason Barker gave
chase. 

 From this point on, the State's and appellant's versions of events
are very different. The State's evidence showed that as Smith chased
appellant, he saw a brown wallet and an object that reflected light fall
from appellant's shorts near a yellow duplex. Smith yelled at Barker to
pick up the wallet and continued chasing appellant, who was finally
captured in the parking lot of a nearby grocery store. Smith and Barker
returned to the area near the yellow duplex and recovered a baggie
containing more than 16 grams of crack cocaine. Appellant was later
found to have $550 in cash stuffed in his underwear.

 Appellant's two aunts gave testimony that contradicted the
testimony of the State's witnesses concerning where the baggie of
cocaine was found and by whom. Because the trial court obviously
disbelieved appellant's witnesses, we will view these facts in the light
most favorable to the denial of appellant's motion to suppress.

C. Unlawful Search and Seizure Claim


 By his second point of error, appellant complains the cocaine was
erroneously admitted into evidence because it was the fruit of an
unlawful arrest. He contends that at the time of his arrest he had not
committed any offense. Appellant relies on Wong Sun v. United States,
371 U.S. 471, 487 (1963).

1. The Initial Stop of the Vehicle


 A peace officer may arrest an offender without a warrant for any
offense committed in his presence or within his view, including a traffic
offense. Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 1977); see
also Tex. Transp. Code Ann. §§ 543.001 (traffic violator may be arrested
without warrant), 521.457(a)(2) (offense of operating motor vehicle
while one's driver's license is suspended), 502.404(a) (offense of
operating motor vehicle without front license plate) (Vernon 1999);
Givens v. State, 949 S.W.2d 449, 451-52 (Tex. App.--Fort Worth 1997,
pet. ref'd) (person may be arrested for driving while driver's license is
suspended); Nelson v. State, 848 S.W.2d 126, 132-33 (Tex. Crim. App.
1992), cert. denied, 510 U.S. 830 (1993) (driver may be arrested for
failing to properly display license plate).

 Detectives Lynch and Peikert pulled over the black Mazda after
they observed Williams driving without a front license plate and while
his license was suspended. We conclude the original stop was not
unlawful.

2. The Frisk


 It is well-established that a peace officer has the right to conduct
a weapons frisk if, in light of his experience, he reasonably fears for his
own safety or that of others. Terry v. Ohio, 392 U.S. 1, 32-33 (1968);
Davis v. State, 829 S.W.2d 218, 220 (Tex. Crim. App. 1992); Wood v.
State, 515 S.W.2d 300, 306 (Tex. Crim. App. 1978). When Lynch
approached the car, he had already decided to frisk the passenger
because of the furtive movements he had seen between the passenger
and driver. When appellant emerged from the Mazda, Lynch recognized
him as someone who had previously scuffled with and fled from police
officers. Fearing for his own safety and the safety of others, he
attempted to frisk appellant. We conclude the attempted frisk of
appellant was not unlawful. 

3. The Arrest


 Appellant was not under arrest when he emerged from the car. 
However, because he struck Detective Lynch while attempting to flee,
he was arrested for assaulting a peace officer. Tex. Code Crim. Proc.
Ann. art. 14.01(b) (Vernon 1977)(officer may make warrantless arrest
of person who commits an offense in his presence or within his view);
Tex. Pen. Code Ann. § 22.01 (Vernon 1994)(offense of assault); see also
Tex. Pen. Code Ann. § 38.03 (Vernon 1994) (offense of resisting arrest,
search, or transportation). We conclude appellant's arrest was not
unlawful.

4. Seizure of the Cocaine


 Objects falling in the plain view of an officer who has a right to be
in the position to have that view are subject to seizure and may be
introduced into evidence. Harris v. United States, 390 U.S. 234, 236
(1968); Stoker v. State, 788 S.W.2d 1, 9 n.5 (Tex. Crim. App. 1989), 
cert. denied, 498 U.S. 951 (1990). We conclude the officers had the
right to seize the cocaine as it lay in plain view after it flew out of
appellant's shorts during his brief flight.

 We hold the trial court did not err in refusing to grant appellant's
motion to suppress the cocaine as the fruit of an unlawful search and
seizure. Appellant's second point of error is overruled.

D. Chain of Custody


 By his third point of error, appellant complains the trial court erred
by denying his motion to suppress the introduction of the cocaine into
evidence because the proper chain of custody was not established.

 Appellant argues that because the cocaine was actually found on
the ground in a public area known as a "crack neighborhood," and not
on his person, there is an impermissible gap in the chain of custody of
the cocaine. We note that appellant did not raise or brief the sufficiency
of the evidence linking appellant to the cocaine. Therefore, we do not
address the sufficiency of the evidence on this issue.

 Gaps in the chain of custody generally go to the weight and
credibility of the evidence in question, not its admissibility. Lagrone v.
State, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997); Stoker, 788
S.W.2d at 10; Alvarez v. State, 857 S.W.2d 143, 147 (Tex.
App.--Corpus Christi 1993, pet. ref'd). Tagging an item of physical
evidence at the time of its seizure and then identifying it at trial based
upon the tag will support admission of the evidence barring any
showing of tampering or altercation. Stoker, 788 S.W.2d at 10. Here,
the undisputed testimony of the police officers and technicians
established the proper chain of custody of the cocaine -- from its
seizure at the crime scene to its appearance in the courtroom on the day
of appellant's trial.

 We hold the trial court did not err in denying appellant's motion to
suppress because the proper chain of custody was established. 
Appellant's third point of error is overruled. 

E. Criminal Conduct of Third Party


 By his fourth point of error, appellant contends the trial court erred
in admitting evidence of the criminal conduct of Williams, the driver of
the black Mazda.

 Relevant evidence is generally admissible. Tex. R. Crim. Evid. 402.(3) 
To be deemed relevant, evidence must have "any tendency to make the
existence of any fact that is of consequence to the determination of the
action more probable than it would be without the evidence." Tex. R.
Crim. Evid. 401. Consequential facts are those having something to do
with the ultimate determination of guilt or innocence in a particular
case. Mayes v. State, 816 S.W.2d 79, 84 (Tex. Crim. App. 1991). Here,
Williams' conduct was an integral part of the same criminal episode
that placed appellant under the scrutiny of the Wharton Police
Department and concluded with appellant's attempted flight and
abandonment of the cocaine.

 Furthermore, appellant's sole defensive theory was that the
cocaine was never in his possession and belonged to someone else in
the neighborhood. Williams' conduct in possessing and possibly selling
cocaine in appellant's presence tends to show that appellant did
possess the cocaine, either by purchasing it from Williams, or by
engaging in a scheme with Williams to sell cocaine out of the black
Mazda. Therefore, this testimony constitutes "same transaction
contextual evidence," and is relevant under rules 401 and 402 in
establishing an affirmative link between appellant and the cocaine. See
Tex. R. Crim. Evid. 401, 402; Mayes, 816 S.W.2d at 365; see also,
Montgomery, 810 S.W.2d at 375. The State is entitled to admit
evidence to show the context in which the criminal act occurred; events
do not occur in a vacuum and the jury should be allowed to hear what
happened immediately before and after the act so they may realistically
evaluate the evidence. Coleman v. State, 577 S.W.2d 695, 696 (Tex.
Crim. App. 1978); Albrecht v. State, 486 S.W.2d 97, 100 (Tex. Crim.
App. 1972).

 Appellant's contention that this testimony was admitted in
contravention of rule 404, merely to show that he was a bad man who
was riding around in a car driven by a drug dealer, is not supported by
the record. See Tex. R. Crim. Evid. 404. Appellant further contends that
even if this evidence is relevant and is not impermissible character
evidence, it is overly prejudicial under the balancing test set forth in rule
403, which states that relevant evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, or misleading of the jury, or by
considerations of undue delay, or needless presentation of cumulative
evidence. Tex. R. Crim. Evid. 403.

 Almost all evidence offered by the prosecution will be prejudicial
to the defendant. Thus, only evidence which is unfairly prejudicial
should be excluded. Caballero v. State, 919 S.W.2d 919, 922 (Tex.
App.--Houston [14th Dist.] 1996, pet. ref'd); Fletcher v. State, 852
S.W.2d 271, 277 (Tex. App.--Dallas 1993, pet. ref'd). Unfair evidence
is that which has an undue tendency to suggest that a decision be
made on an improper basis, commonly an emotional one. Montgomery,
810 S.W.2d at 389; Caballero, 919 S.W.2d at 922. Because rule 403
requires exclusion only if the danger of unfair prejudice substantially
outweighs the probative value, there is a presumption that relevant
evidence will be more probative than prejudicial. Montgomery, 810
S.W.2d at 389; Nolen v. State, 872 S.W.2d 807, 811 (Tex. App.--Fort
Worth 1994), pet. ref'd, 897 S.W.2d 789, 790 (Tex. Crim. App. 1995). 
There also is a presumption that the trial court admitted the evidence
after determining its probative value substantially outweighed the
danger of unfair prejudice to appellant. Williams v. State, 958 S.W.2d
186, 195-96 (Tex. Crim. App. 1996); Nolen, 872 S.W.2d at 790; Moyer
v. State, 948 S.W.2d 525, 531 (Tex. App.--Fort Worth 1997, pet. ref'd). 
There is no requirement that the trial court announce for the record that
it has conducted and completed the balancing test in its own mind. 
Williams, 958 S.W.2d at 195-96; Nolen, 872 S.W.2d at 812.

 After reviewing the record, we hold the trial court did not abuse
its discretion by admitting evidence of William's conduct. Appellant's
fourth point of error is overruled.

 The judgment of the trial court is AFFIRMED.



 FEDERICO G. HINOJOSA

 Justice



Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

27th day of July, 2000.

1. We initially ordered the opinion published. On May 14, 1998, we granted the
State's motion requesting that the opinion not be published.
2. A "lateral vascular neck restraint" restricts blood flow to the brain.
3. The former Texas Rules of Criminal Evidence were in effect at the time of this
trial on December 16, 1996.