

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. PD-098-12

### RODERICK PARKER, Appellant

### v.

### THE STATE OF TEXAS

### ON THE APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### GRAYSON COUNTY

*Per curiam.*

Appellant was convicted of retaliation and sentenced to eight years' imprisonment. On appeal, Appellant claimed that the trial court gave an erroneous definition of "unlawful" in the jury charge. Appellant's first issue on appeal argued that this definition of unlawful constituted an improper comment on the weight of the evidence. His second issue argued that the instruction was erroneous, even if it was not a comment on the weight of the evidence, and that he was harmed by the erroneous instruction. The court of appeals

affirmed, holding that the trial court's definition of unlawful was not an improper comment on the weight of the evidence. *Parker v. State*, No. 05-10-00878-CR (Tex. App.–Dallas, December 15, 2011). The court of appeals read Appellant's second claim as relating only to harm arising from a comment on the weight of the evidence. Having found that the instruction was not a comment on the weight of the evidence, the court did not address that claim. Appellant petitioned this Court for discretionary review.

Appellant contends that the court of appeals did not address his second point of appeal as required by *Davis v. State*, 817 S.W.2d 345 (Tex. Crim. App. 1991). Appellant's brief on appeal argued that the jury charge erroneously defined unlawful, even if that definition was not a comment on the weight of the evidence. Appellant specifically asserted that the definition of unlawful was an incorrect statement of Texas law and he argued that he had shown some harm as required by *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984). In concluding that this point of error concerned only harm from an alleged comment on the weight of the evidence, the court of appeals failed to consider Appellant's claim that the definition of the term unlawful was jury charge error in general.

Therefore, we vacate the judgment of the Court of Appeals and remand for that court to consider Appellant's second issue on appeal.


DELIVERED: April 25, 2012

DO NOT PUBLISH