IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




No. PD-098-12






RODERICK PARKER, Appellant



v.



THE STATE OF TEXAS





ON THE APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


GRAYSON COUNTY






 Per curiam. 



 Appellant was convicted of retaliation and sentenced to eight years' imprisonment. 
On appeal, Appellant claimed that the trial court gave an erroneous definition of "unlawful"
in the jury charge. Appellant's first issue on appeal argued that this definition of unlawful
constituted an improper comment on the weight of the evidence. His second issue argued
that the instruction was erroneous, even if it was not a comment on the weight of the
evidence, and that he was harmed by the erroneous instruction. The court of appeals
affirmed, holding that the trial court's definition of unlawful was not an improper comment
on the weight of the evidence. Parker v. State, No. 05-10-00878-CR (Tex. App.-Dallas,
December 15, 2011). The court of appeals read Appellant's second claim as relating only
to harm arising from a comment on the weight of the evidence. Having found that the
instruction was not a comment on the weight of the evidence, the court did not address that
claim. Appellant petitioned this Court for discretionary review.

 Appellant contends that the court of appeals did not address his second point of appeal
as required by Davis v. State, 817 S.W.2d 345 (Tex. Crim. App. 1991). Appellant's brief on
appeal argued that the jury charge erroneously defined unlawful, even if that definition was
not a comment on the weight of the evidence. Appellant specifically asserted that the
definition of unlawful was an incorrect statement of Texas law and he argued that he had
shown some harm as required by Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1984). 
In concluding that this point of error concerned only harm from an alleged comment on the
weight of the evidence, the court of appeals failed to consider Appellant's claim that the
definition of the term unlawful was jury charge error in general. 

 Therefore, we vacate the judgment of the Court of Appeals and remand for that court
to consider Appellant's second issue on appeal. 


DELIVERED: April 25, 2012

DO NOT PUBLISH