FILED
15-0345
5/11/2015 6:16:08 PM
tex-5239748
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

NO. 15-0345 _____

IN THE

SUPREME COURT OF TEXAS

AUSTIN, TEXAS


J.S.

Petitioner

v.

THE STATE OF TEXAS,

Respondent


Eighth Court of Appeals

NO. 08-13-00275-CV
Appeal in Cause No. 2013DCV2701


PETITION FOR REVIEW
Oral Argument not requested.


SUBMITTED:

FOR PETITIONER:
MATTHEW "MATEO" DEKOATZ
P.O. BOX 1886
El Paso, Texas  79950
T.B.L. No. 05722300
Phone:  915-626-8833; fax: 915-541-8892
E-mail:  mateodekoatz@yahoo.com

1

IDENTITY OF INTERESTED PARTIES, COUNSEL AND TRIAL JUDGES

FOR RESPONDANT, THE STATE OF TEXAS

Hon. Jo Anne Bernal, El Paso County Attorney
500 E. San Antonio, Room 503
El Paso, Texas 79901
Phone: 915-546-2050; Fax: 915-546-2133
jbernal@epcounty.com

APPELLATE COUNSEL FOR THE STATE:
Amy Monsivais, Esq.
Assistant County Attorney for the El Paso County.
500 E. San Antonio, Room 503
El Paso, Texas 79901
Phone: 915-546-2050; Fax: 915-546-2133
amonsivais@epcounty.com

TRIAL COUNSEL FOR THE STATE OF TEXAS:
Amy Monsivais, Esq.
(Information directly above.)

IDENTITY OF TRIAL JUDGES:
Hon. Sergio Enriquez
448th Judicial District Court
500 East San Antonio, Room 404
El Paso, Texas 79901
Phone: 915-543-3893; Fax: 915-834-8263
senriquez@epcounty.com

## TABLE OF CONTENTS                                           PAGE NO.

IDENTITY OF INTERESTED PARTIES AND COUNSEL...............................2

TABLE OF AUTHORITIES.................................................................4

STATEMENT REGARDING ORAL ARGUMENT...................................5

PRELIMINARY STATEMENT OF THE CASE.......................................5

PROCEDURAL HISTORY................................................................6

STATEMENT OF JURISDICTION…………………............…….……………6

I. GROUNDS/QUESTIONS PRESENTED FOR REVIEW.................................7

    SOLE ISSUE: WHETHER THE COURT OF APPEALS ERRED IN UPHOLDING THE JUDGMENT DENYING EXPUNCTION WHEN THE STATE FAILED TO PROVE ITS AFFIRMATIVE DEFENSE OF WAIVER OF PETITIONER'S STATUTORY RIGHT TO EXPUNCTION?

II. STATEMENT OF THE FACTS.........................................................7

III. SUMMARY OF ARGUMENT.........................................................8

IV. INTRODUCTION......................................................................9

V. THE COURT'S DECISION..........................................9 [Appendix 1]

VI. ARGUMENT AND AUTHORITY……………….............…..……….10-14

VII. CONCLUSION.......................................................................14

PRAYER FOR RELIEF..................................................................14

ACKNOWLEDGMENT OF SERVICE................................................15

CERTIFICATE OF COMPLIANCE…………………………….........…..…15

APPENDIX .…………………………………………........................16

# TABLE OF AUTHORITIES

STATE CASES                                                    PAGE NO.

Davis v. State, 817 S.W. 2d 345, 346 (Crim. App. 1991).......................................14

Hayden v. State, 66 S.W.3d 269, 273 (Tex. Crim. App. 2001)................................12

Hicks v. State, 525 S.W.2d 177 (Tex. Crim. App. 1975)........................................13

Hughen v. State, 297 S.W.3d 330, 337 (Crim. App. 2009)......................................14

Light v. State, 15 S.W.3d 104, 105 (Crim. App. 2000)............................................14

Pitts v. State, 916 S.W.2d 507, 510 (Tex. Crim. App. 1996)...................................12

Resanovich v. State, 906 S.W.2d 40, 42 (Tex. Crim. App. 1995)............................13

Yarborough v. State, 947 S.W.2d 892 (Tex. Crim. App. 1997)...............................13


CONSTITUTIONAL, STATUTES, AND RULES

Texas Code of Criminal Procedure, Section 55.01……......……..................…….....9

Texas Rules of Appellate Procedure, Rule 41.1(a)……......……....................…….14

Texas Rules of Appellate Procedure, Rule 47.1………......……...........................14

Texas Rules of Appellate Procedure, Rule 53.1…………......……...................…..6

Texas Rules of Appellate Procedure, Rule 56.1…………….......................……...7

J.S.,

Petitioner

v.

THE STATE OF TEXAS,

Respondent

PETITION FOR REVIEW

To the Honorable Texas Supreme Court:

Comes now the Petitioner, J.S. by and through his undersigned counsel, in the above-styled and numbered cause, and respectfully urges the Court to grant review in this case, pursuant to the Rules of Court.

STATEMENT REGARDING ORAL ARGUMENT:

Petitioner does seek oral argument.

PRELIMINARY STATEMENT OF THE CASE

Petitioner sought to expunge his misdemeanor case based upon his successful completion of pretrial diversion, dismissal of the case, and the fact that limitations had expired. Rr1-3-6. The State argued that Petitioner waived his right to expunction by participating in the pretrial diversion program. Rr1-9. The trial court denied the expunction. Rr1-9.

PROCEDURAL HISTORY:

The Court's Decision:  On March 4, 2015, and in a published opinion, the Honorable Eighth Court of Appeals affirmed the judgment of the trial court which denied relief to Petitioner under his petition for expunction of records relating to his misdemeanor case.  Petitioner timely filed his motion for rehearing, which was denied by the Court on April 15, 2015.  Accordingly, Petitioner timely files the instant petition for review.


STATEMENT OF JURISDICTION:

The Honorable Supreme Court of Texas has jurisdiction to hear the instant petition pursuant to Rule 53.1, et seq. of the Texas Rules of Appellate Procedure.

## I. GROUNDS/QUESTIONS PRESENTED FOR REVIEW:

> SOLE ISSUE: WHETHER THE COURT OF APPEALS ERRED IN UPHOLDING THE JUDGMENT DENYING EXPUNCION WHEN THE STATE FAILED TO PROVE ITS AFFIRMATIVE DEFENSE OF WAIVER OF PETITIONER'S STATUTORY RIGHT TO EXPUNCTION?
>
> THE COURT OF APPEALS ERRED IN UPHOLDING THE JUDGMENT DENYING EXPUNCTION WHEN THE STATE FAILED TO PROVE ITS AFFIRMATIVE DEFENSE OF WAIVER OF PETITIONER'S STATUTORY RIGHT TO EXPUNCTION.

Texas Rules of Appellate Procedure, Rule 56.1:

(5) whether the court of appeals appears to have committed an error of law of such importance to the state's jurisprudence that it should be corrected; and

(6) whether the court of appeals has decided an important question of state law that should be, but has not been, resolved by the Supreme Court?

Petitioner notes that the Hon. Court of Appeals deemed the instant case sufficiently important to Texas jurisprudence by publishing the opinion concerning the issue in the case at bar.

## II. STATEMENT OF THE FACTS:

Petitioner sought to expunge his misdemeanor case based upon his successful completion of pretrial diversion, dismissal of the case, and the fact that limitations had expired. Rr1-3-6. The State argued that Petitioner waived his right to

expunction by participating in the pretrial diversion program. Rr1-9. The trial court immediately denied the expunction. Rr1-9.

Petitioner argued that there was no evidence in the record that Petitioner waived his right to expunction. Rr1-9. The trial court did not believe that the State was required to prove that Petitioner waived his right to expunction. Rr1-9. State's exhibit 1 indicates that Petitioner did not waive his right to expunction. Rr1-10. As a point of fact, Petitioner specifically indicated that he did not waive his right to expunction. Rr1-11-12.

Petitioner sought to take testimony of County Attorney employee, Margie Medina. Without any explanation, the trial court granted the State's motion to quash subpoena. Rr1-14. Petitioner preserved a bill of exception and indicated that Petitioner did not waive his right to expunction and that the County Attorney did not oppose Petitioner's action in not waiving his right to expunction. Rr1-14-15. Petitioner reiterated that, in writing, he did not waive his right to expunction. Rr1-16-17.

III. SUMMARY OF THE ARGUMENT:

Petitioner argues that the Court of Appeals erred by upholding the trial court's

judgment denying expunction. In El Paso County, defendants who participate in the pretrial diversion program routinely waive their right to expunction when they agree to participate in the pretrial diversion program. In the instant case, Petitioner specifically wrote, in the pretrial diversion documents, that he did not waive his right to expunction. The State did not prove waiver of Petitioner's right to expunction, and the State did not offer proof to contradict Petitioner's proof that he did not waive his right to expunction.

## IV. INTRODUCTION:

In his sole issue, Petitioner argues that the Honorable Eighth Court of Appeals erred by affirming the judgment denying expunction relief when the State failed to establish, even by a scintilla of evidence, that Petitioner waived his right to expunction by merely participating in the El Paso County pretrial diversion program. Petitioner offered evidence that he did not waive his right to expunction. Other than the State's mere assertion that Petitioner waived his right to expunction, the State established no proof that Petitioner waived his right to expunction.

## V. THE COURT'S DECISION:

A copy of the lower court's opinion is attached as Appendix 1. A copy of the pertinent statute, Section 55.01 of the Texas Code of Criminal Procedure is

attached as Appendix 2.  A copy of the trial court's judgment denying expunction

is attached as Appendix 3.  A copy of the trial court's letter denying Petitioner's

motion for rehearing is attached as Appendix 4.

VI.   ARGUMENT AND AUTHORITY:

> SOLE ISSUE: WHETHER THE COURT OF APPEALS ERRED IN UPHOLDING THE JUDGMENT DENYING EXPUNCTION WHEN THE STATE FAILED TO PROVE ITS AFFIRMATIVE DEFENSE OF WAIVER OF PETITIONER'S STATUTORY RIGHT TO EXPUNCTION?

> THE COURT OF APPEALS ERRED IN UPHOLDING THE JUDGMENT DENYING EXPUNCTION WHEN THE STATE FAILED TO PROVE ITS AFFIRMATIVE DEFENSE OF WAIVER OF PETITIONER'S STATUTORY RIGHT TO EXPUNCTION.

The Hon. Court of Appeals holds:

> It is undisputed that the State raised the affirmative defense of waiver in its answer. The only question is whether the evidence is legally sufficient to prove the defense. J.S. introduced into evidence the misdemeanor information showing he was charged with assault in cause number 20110C02776 (Petitioner's Exhibit 1) and the motion to dismiss filed by the State (Petitioner's Exhibit 2). The motion specifically recites that the State was moving to dismiss the case because J.S. had successfully completed the PTD Program. The judge of the County Criminal Court at Law No. 4 signed the order dismissing the case on May 29, 2013. The State introduced without

objection the PTD Agreement. The Agreement bears what appears to be J.S.'s signature immediately beneath the sentence waiving the rights to a speedy trial and expunction. The signature is similar, albeit not identical, to the signature at the bottom of the Agreement. J.S.'s attorney argued at the hearing that J.S. did not sign the document indicating he waived his rights and he instead wrote the words "not waived." We have examined the writing and cannot say with any degree of certainty that it states "not waived." The writing appears similar to J.S.'s signature at the bottom of the page. The trial court, as the trier of fact, determined this issue of fact and resolved it against J.S. Having viewed the evidence in the light most favorable to the judgment, we conclude that the evidence is legally sufficient to support the trial court's implied finding that J.S. signed the PTD Agreement, including the waiver portion of the Agreement, and thereby waived his right to seek an expunction of the criminal records related to the assault case.
Opinion, p14-15.

Petitioner notes that the State has offered no proof that Petitioner waived his right to expunction. Record-Entire. The Court indicates that it cannot discern whether Petitioner wrote "not waived" on the pretrial diversion application instrument. To the contrary, there is no proof that Petitioner waived his right to expunction. Petitioner did not waive his right to expunction, but the Court fails to address this issue, and merely says it can't tell. The State offered no proof in support of its *affirmative defense* of *waiver*. Petitioner offered his proof by way of a bill, since the trial court did not allow him to offer proof to the trial court. Petitioner's offer of proof was not contradicted by the State. The record and Petitioner's appellate brief indicate:

Petitioner sought to expunge his misdemeanor case based upon his successful completion of pretrial diversion, dismissal of the case, and the fact that limitations had expired. Rr1-3-6. The State argued that Petitioner waived his right to expunction by participating in the pretrial diversion program. Rr1-9. The trial court immediately denied the expunction. Rr1-9. Petitioner argued that there was no evidence in the record that Petitioner waived his right to expunction. Rr1-9. The trial court did not believe that the State was required to prove that Petitioner waived his right to expunction. Rr1-9. State's exhibit 1 indicates that Petitioner did not waive his right to expunction. Rr1-10. As a point of fact, Petitioner specifically indicated that he did not waive his right to expunction. Rr1-11-12. Petitioner sought to take testimony of County Attorney employee, Margie Medina. Without any explanation, the trial court granted the State's motion to quash subpoena. Rr1-14. Petitioner preserved a bill of exception and indicated that Petitioner did not waive his right to expunction and that the County Attorney did not oppose Petitioner's action in not waiving his right to expunction. Rr1-14-15. Petitioner reiterated that, in writing, he did not waive his right to expunction. Rr1-16-17.

Because the State did not controvert Petitioner's proof that he did not waive his right to expunction, the State failed to establish that Petitioner did waive his right to expunction. The Court of Appeals has failed to address this point, and Petitioner believes that the Court was required to address this point. Texas law provides that appellate courts accept as true factual assertions made by counsel which are not disputed by opposing counsel." *Pitts v. State*, 916 S.W.2d 507, 510 (Tex. Crim. App. 1996). In *Hayden v. State*, 66 S.W.3d 269, 273 (Tex. Crim. App. 2001), the Court of Criminal Appeals said that, because a defendant had neither disputed the state's claim before the trial court that witness statements described all of the extraneous offenses nor attempted to have the witness statements placed in the

record, "We assume, therefore, that the witness statements are as the State represented them to be." In *Resanovich v. State*, 906 S.W.2d 40, 42 (Tex. Crim. App. 1995), in which the defendant failed to dispute the state's submission regarding a prior murder sentence, we said, "Because there were no objections made to the State's undisputed observations, we hold that those observations constitute valid proof in support of the State's submission." There are a long line of cases holding that assertions of counsel should be taken as true." Texas courts have applied this principle allowing appellate courts to accept as fact assertions from both prosecutors and defense attorneys. *Yarborough v. State*, 947 S.W.2d 892 (Tex. Crim. App. 1997); *Hicks v. State*, 525 S.W.2d 177 (Tex. Crim. App. 1975). This issue is an important one to Texas jurisprudence, and would be a worthwhile issue to be addressed by the Hon. Supreme Court of Texas.

Petitioner's counsel's (bill of exception) statement that Petitioner specifically did not waive his right to expunction, coupled with the writing that the Court says it has difficulty in accepting, must be accepted as both true and sufficient to preserve and support this issue for appellate review. Counsel for the State did not deny Petitioner's assertion. Petitioner's statement, when made in open court without being contradicted or disputed by either opposing counsel or the trial court, provides evidence of the fact of occurrence that is being asserted. The trial court

did not dispute it because the trial court chose not to hear it.

The Court of Appeals has not addressed this issue. Petitioner contends that the Court of Appeals is, by law, required to address this issue, for the courts of appeals are required to review every argument raised by a party that is necessary to the disposition of that appeal. Hughen v. State, 297 S.W.3d 330, 337 (Crim. App. 2009); Light v. State, 15 S.W.3d 104, 105 (Crim. App. 2000); TRAP, Rule 47.1, 41.1(a); Davis v. State, 817 S.W. 2d 345, 346 (Crim. App. 1991). Because the Hon. Court of Appeals refused to address this issue, Petitioner respectfully looks to the Hon. Supreme Court of Texas to determine this issue.

VII. CONCLUSION:

For the above reasons, Petitioner respectfully moves that his petition for review be granted.

PRAYER FOR RELIEF

For all the above reasons, Petitioner respectfully prays that the Honorable Supreme Court of Texas grant his petition for review. Petitioner thanks the Court.

Respectfully submitted,

/S/ M. DeKoatz

_____

MATTHEW "MATEO" DEKOATZ
PO BOX 1886
El Paso, Texas  79950
T.B.L. No. 05722300
Phone:  915-626-8833; Fax: 915-541-8892
E-mail:  mateodekoatz@yahoo.com


CERTIFICATE OF COMPLIANCE:  This Writ of Review contains 2,035 words

printed in a proportionally spaced typeface, Times New Roman, 14.


ACKNOWLEDGMENT OF SERVICE
Undersigned counsel hereby acknowledges that on this 29th day of April, 2015, a copy of the above Petition for Review was sent via the Court's electronic filing system to the Hon. Jo Anne Bernal, County Attorney for El Paso County, Texas.


/s/ M. DeKoatz

_____

M. DEKOATZ, Attorney at Law



| | | |
|---|---|---|
| IN THE MATTER | § | No. 08-13-00275-CV |
| OF THE EXPUNCTION | § | Appeal from the |
| OF J.S. | § | 448th District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 2013DCV2701) |
| | § | |

## O P I N I O N

J.S. appeals from an order denying his petition for expunction. Finding the evidence legally sufficient to support the trial court's implied finding that J.S. waived the right to seek an expunction, we affirm.

### FACTUAL SUMMARY

In 2011, J.S. was arrested for and charged with the offense of assault causing bodily injury. The State of Texas and J.S. entered into an agreement whereby the State would dismiss the charge if J.S. successfully completed the Pre-Trial Diversion Program (PTD). In exchange for its promise to dismiss, the State required J.S. to waive his rights to a speedy trial and to seek an expunction and both J.S. and the State signed the PTD Agreement. J.S. successfully completed PTD and the State dismissed the case in accordance with the Agreement.

J.S. filed a petition for expunction pursuant to Article 55.01(a)(2)(B) of the Texas Code

of Criminal Procedure alleging that the statute of limitations for the assault offense had expired, he had been released, the charge had not resulted in a final conviction and was no longer pending, and there was no court-ordered community supervision. *See* TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(B)(West Supp. 2014). The State, represented by the El Paso County Attorney, filed a general denial and raised as an affirmative defense J.S.'s written waiver of the right to seek an expunction.[1]

At the hearing on the expunction petition, J.S. introduced copies of the misdemeanor information charging him with assault in cause number 20110C02776 (Petitioner's Exhibit 1) and the motion to dismiss filed by the State in the same case (Petitioner's Exhibit 2). Appellees introduced a copy of the PTD Agreement filed in cause number 20110C02776 (State's Exhibit 1). The PTD Agreement, which is titled, "WAIVER OF SPEEDY TRIAL AND WAIVER OF RIGHT OF EXPUNCTION AND VOLUNTARY AGREEMENT TO PARTICIPATE IN THE PRE-TRIAL DIVERSION PROGRAM," states the following in the first section of the document:

> I understand that I have an absolute right to a speedy trial as provided by the Texas Code of Criminal Procedure (T.C.C.P.) Article 1.0 [sic]; Article I, Section 10 of the Texas Constitution; and the 6th Amendment of the United States Constitution.

> I further understand that I have the right in accordance with Article 55.01, T.C.C.P., to have any criminal record expunged if I successfully complete the Pre-Trial Diversion (PTD) Program in accordance with Article 55.01, T.C.C.P.

---

[1] The El Paso County Attorney filed the answer on behalf of the El Paso County Sheriff's Office, El Paso County Attorney's Office, El Paso County Clerk's Office, District Attorney's Office, District Clerk's Office, Records Management and Archives, West Texas Community Supervision and Corrections Department (Probation), El Paso County Court Administration and the Jail Magistrate. On appeal, the El Paso County Attorney has filed a reply brief on behalf of "The State of Texas." The opinion will likewise refer to the Appellees generally as "the State of Texas" or simply "the State."

**I hereby agree to voluntarily waive my rights to a speedy trial and expunction as set out by Articles 1.05 and 55.01 T.C.C.P., in accordance with Article 1.14 T.C.C.P., as a condition of my participation in the PTD Program**. [Emphasis added].

Immediately beneath these statements is a line for the defendant's signature. On that line is what appears to be a signature in cursive handwriting. The Agreement then sets forth several conditions of the PTD Program. It is undisputed that J.S. signed the bottom of the Agreement indicating that the waiver and agreement had been read or explained to him and he agreed to the conditions of the PTD Program.

J.S.'s attorney argued that J.S. did not waive his right to an expunction because he did not sign the portion of the Agreement waiving his right to seek an expunction. He maintained instead that J.S. had written the words "not waived." Counsel asked the trial court to take judicial notice that J.S. had signed the words "not waived." The State responded to this request by arguing that the writing on the signature line does not clearly state "not waived." The trial judge did not take judicial notice as requested, stating that the "exhibit speaks for itself" and he would "take this into consideration." At the conclusion of the hearing, the trial court denied the petition for expunction.

## WAIVER OF RIGHT TO SEEK EXPUNCTION

In his sole issue, J.S. argues that the trial court abused its discretion by denying the petition for expunction because he presented evidence establishing he had a right to an expunction under Article 55.01(a)(2)(B) and Appellees failed to prove he had waived that right. Alternatively, J.S. contends that the District Attorney's policy of requiring him to waive his right

- 3 -

to an expunction in exchange for participation in the PTD Program is against public policy.

*Standard of Review*

J.S. phrases his issue in terms of the abuse of discretion standard which is often applied to an appeal from an expunction order. In this case, however, the arguments clearly implicate the legal sufficiency of the evidence supporting the trial court's implied findings that J.S. failed to establish the statutory requirements under Article 55.01(a) or the State establish its affirmative defense of waiver. These implied findings must be analyzed under the traditional legal sufficiency standard rather than the abuse of discretion standard. *See In re S.D.*, 349 S.W.3d 76, 79-80 (Tex.App.--El Paso 2010, no pet.).

We may sustain a legal sufficiency challenge only if the record discloses one of the following situations: (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). In determining whether a finding is supported by legally sufficient evidence, we view the evidence in the light most favorable to the finding, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *Id*. at 807. Further, we indulge every reasonable inference that would support the finding. *Id*. at 822.

*Applicable Law*

The right to an expunction is a statutory privilege. *In the Matter of the Expunction of*

*A.G.*, 388 S.W.3d 759, 761 (Tex.App.--El Paso 2012, no pet.). When a party holding criminal records opposes a petition for expunction, the petitioner must meet his burden of proof by submitting evidence on each element of his claim. *Id.* All provisions in a statutory cause of action are mandatory and exclusive and all conditions must be met before a person is entitled to expunction. *Id.* A statutory expunction proceeding is civil rather than criminal in nature, and the petitioner bears the burden of proving compliance with the statute. *Id.* As a general rule, the trial court has no discretion to deny the petition if the petitioner meets his burden under the statute. *See In re A.G.*, 388 S.W.3d at 761. In this case, however, the State raised the affirmative defense of waiver. *See* TEX.R.CIV.P. 94. Consequently, the State had the burden to both plead and prove that J.S. had waived his right to seek an expunction. *In the Matter of the Expunction of J.E.*, 396 S.W.3d 231, 232 (Tex.App.--El Paso 2013, no pet.); *In the Matter of the Expunction of A.G.*, 388 S.W.3d at 762 n.1. If the State sustained its burden of both pleading and proving that J.S. waived his right to seek an expunction of the records related to the assault case, the trial court properly denied the petition for expunction and it is unnecessary for us to address whether J.S. presented legally sufficient evidence to establish the statutory requirements for an expunction under Article 55.01(a)(2).

*Waiver of the Right to Seek Expunction*

It is well established that a criminal defendant can waive any rights secured him by law. TEX.CODE CRIM.PROC.ANN. art. 1.14(a)(West 2005). This includes the statutory right to an expunction. *See In the Matter of the Expunction of Jones*, 311 S.W.3d 502, 505-06 (Tex.App.-- El Paso 2009, no pet.); *In the Matter of the Expunction of Arnold*, 34 S.W.3d 583, 586-87

- 5 -

(Tex.App.--El Paso 2000, no pet.).

It is undisputed that the State raised the affirmative defense of waiver in its answer.  The only question is whether the evidence is legally sufficient to prove the defense.  J.S. introduced into evidence the misdemeanor information showing he was charged with assault in cause number 20110C02776 (Petitioner's Exhibit 1) and the motion to dismiss filed by the State (Petitioner's Exhibit 2).  The motion specifically recites that the State was moving to dismiss the case because J.S. had successfully completed the PTD Program.  The judge of the County Criminal Court at Law No. 4 signed the order dismissing the case on May 29, 2013.  The State introduced without objection the PTD Agreement.  The Agreement bears what appears to be J.S.'s signature immediately beneath the sentence waiving the rights to a speedy trial and expunction.  The signature is similar, albeit not identical, to the signature at the bottom of the Agreement.  J.S.'s attorney argued at the hearing that J.S. did not sign the document indicating he waived his rights and he instead wrote the words "not waived."  We have examined the writing and cannot say with any degree of certainty that it states "not waived."  The writing appears similar to J.S.'s signature at the bottom of the page.  The trial court, as the trier of fact, determined this issue of fact and resolved it against J.S.  Having viewed the evidence in the light most favorable to the judgment, we conclude that the evidence is legally sufficient to support the trial court's implied finding that J.S. signed the PTD Agreement, including the waiver portion of the Agreement, and thereby waived his right to seek an expunction of the criminal records related to the assault case.

*Public Policy*

- 6 -

Citing *Montgomery v. Browder*, 930 S.W.2d 772 (Tex.App.--Amarillo 1996, writ denied), J.S. argues for the first time on appeal that the District Attorney's policy of requiring a defendant to waive his right to expunction in exchange for participation in the PTD Program is against public policy. We understand J.S. to argue that the waiver portion of the PTD Agreement is void and unenforceable against him. J.S. did not present this argument in the trial court as a basis for avoiding enforcement of the waiver provision. Consequently, it is waived. *See* TEX.R.APP.P. 33.1. Having found the evidence legally sufficient to establish that J.S. waived his right to seek an expunction, we overrule the sole issue presented on appeal and affirm the judgment of the trial court.


March 4, 2015                                    ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

- 7 -

CODE OF CRIMINAL PROCEDURE

TITLE 1. CODE OF CRIMINAL PROCEDURE

CHAPTER 55. EXPUNCTION OF CRIMINAL RECORDS

Art. 55.01. RIGHT TO EXPUNCTION. (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

(1) the person is tried for the offense for which the person was arrested and is:

(A) acquitted by the trial court, except as provided by Subsection (c); or

(B) convicted and subsequently:

(i) pardoned for a reason other than that described by Subparagraph (ii); or

(ii) pardoned or otherwise granted relief on the basis of actual innocence with respect to that offense, if the applicable pardon or court order clearly indicates on its face that the pardon or order was granted or rendered on the basis of the person's actual innocence; or

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

(i)  has not been presented against the person at any time following the arrest, and:

(a)  at least 180 days have elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a Class C misdemeanor and if there was no felony charge arising out of the same transaction for which the person was arrested;

(b)  at least one year has elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a Class B or A misdemeanor and if there was no felony charge arising out of the same transaction for which the person was arrested;

(c)  at least three years have elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a felony or if there was a felony charge arising out of the same transaction for which the person was arrested; or

(d)  the attorney representing the state certifies that the applicable arrest records and files are not needed for use in any criminal investigation or prosecution, including an investigation or prosecution of another person; or

(ii)  if presented at any time following the arrest, was dismissed or quashed, and  the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void; or

(B)  prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

(a-1)  Notwithstanding any other provision of this article, a person may not expunge records and files relating to an arrest

that occurs pursuant to a warrant issued under Section 21, Article 42.12.

(a-2)  Notwithstanding any other provision of this article, a person who intentionally or knowingly absconds from the jurisdiction after being released under Chapter 17 following an arrest is not eligible under Subsection (a)(2)(A)(i)(a), (b), or (c) or Subsection (a)(2)(B) for an expunction of the records and files relating to that arrest.

(b)  Except as provided by Subsection (c), a district court may expunge all records and files relating to the arrest of a person who has been arrested for commission of a felony or misdemeanor under the procedure established under Article 55.02 if:

(1)  the person is:

(A)  tried for the offense for which the person was arrested;

(B)  convicted of the offense; and

(C)  acquitted by the court of criminal appeals or, if the period for granting a petition for discretionary review has expired, by a court of appeals; or

(2)  an office of the attorney representing the state authorized by law to prosecute the offense for which the person was arrested recommends the expunction to the appropriate district court before the person is tried for the offense, regardless of whether an indictment or information has been presented against the person in relation to the offense.

(c)  A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court, a court of appeals, or the court of criminal appeals, if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.

(d) A person is entitled to have any information that identifies the person, including the person's name, address,

date of birth, driver's license number, and social security number, contained in records and files relating to the arrest of another person expunged if:

(1) the information identifying the person asserting the entitlement to expunction was falsely given by the person arrested as the arrested person's identifying information without the consent of the person asserting the entitlement; and

(2) the only reason for the information identifying the person asserting the entitlement being contained in the arrest records and files of the person arrested is that the information was falsely given by the person arrested as the arrested person's identifying information.

Added by Acts 1977, 65th Leg., p. 1880, ch. 747, Sec. 1, eff. Aug. 29, 1977.


Amended by Acts 1979, 66th Leg., p. 1333, ch. 604, Sec. 1, eff. Aug. 27, 1979;  Acts 1989, 71st Leg., ch. 803, Sec. 1, eff. Sept. 1, 1989;  Subsec. (2) amended by Acts 1991, 72nd Leg., ch. 14, Sec. 284(53), eff. Sept. 1, 1991.  Amended by Acts 1993, 73rd Leg., ch. 900, Sec. 7.02(a), eff. Sept. 1, 1993;  Acts 1999, 76th Leg., ch. 1236, Sec. 1, eff. Aug. 30, 1999;  Subsec. (a) amended by Acts 2001, 77th Leg., ch. 1021, Sec. 1, eff. Sept. 1, 2001;  Subsec. (d) added by Acts 2001, 77th Leg., ch. 945, Sec. 1, eff. June 14, 2001;  Subsec. (a) amended by Acts 2003, 78th Leg., ch. 1236, Sec. 1, eff. Sept. 1, 2003.
Amended by:
Acts 2005, 79th Leg., Ch. 1309 (H.B. 3093), Sec. 1, eff. September 1, 2005.
Acts 2009, 81st Leg., R.S., Ch. 840 (S.B. 1940), Sec. 5, eff. June 19, 2009.
Acts 2009, 81st Leg., R.S., Ch. 1103 (H.B. 4833), Sec. 17(b), eff. September 1, 2009.

Acts 2011, 82nd Leg., R.S., Ch. 690 (H.B. 351), Sec. 1, eff. September 1, 2011.

Acts 2011, 82nd Leg., R.S., Ch. 894 (S.B. 462), Sec. 1, eff. September 1, 2011.



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |
|---|---|
| § | No. 08-13-00275-CV |
| § |  |
| IN THE MATTER § | Appeal from |
| § |  |
| OF THE EXPUNCTION § | 448th District Court |
| § |  |
| OF J.S. § | of El Paso County, Texas |
| § |  |
| § | (TC # 2013DCV2701) |
| § |  |

**O R D E R**

The Appellant's motion for rehearing, having been duly considered, is denied.

Accordingly, it is ORDERED that said motion be and it is hereby denied.

IT IS SO ORDERED THIS 15TH DAY OF APRIL, 2015.


ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| IN THE MATTER | | No. 08-13-00275-CV |
| | § | |
| OF THE EXPUNCTION | | Appeal from the |
| | § | |
| OF J.S. | | 448th District Court |
| | § | |
| | | of El Paso County, Texas |
| | § | |
| | | (TC# 2013DCV2701) |
| | § | |

**J U D G M E N T**

The Court has considered this cause on the record and concludes there was no error in the judgment. We therefore affirm the judgment of the court below. We further order that Appellee recover from Appellant and his sureties, if any, *see* TEX.R.APP.P. 43.5, on the judgment and all costs, for which let execution issue. This decision shall be certified below for observance.

IT IS SO ORDERED THIS 4TH DAY OF MARCH, 2015.


ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.